516 P.2d 694

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Gilbert Joe RIVERA, Defendant-Appellant.**

**No. 1162.**

Court of Appeals of New Mexico.

Nov. 21, 1973.

Paul S. Wainwright, Robinson, Stevens & Thompson, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Harvey B. Fruman, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HERNANDEZ, Judge.

The defendant appeals his conviction of burglary § 40A–16–3, N.M.S.A.1953 (2d Repl. Vol. 6) alleging four points of error: (1) The trial court abused its discretion by not excusing a juror for cause; (2) the defendant was illegally searched and seized and items taken illegally used against him

or in the alternative that he was illegally arrested and illegally stopped and frisked; (3) the court erred in not granting defendant's motion for a directed verdict and his motion to set aside the verdict; and (4) the court erred in denying defendant's motion to suppress the evidence obtained as a result of the illegal search and seizure.

We affirm.

■ The facts pertinent to point one are: that at the time of the voir dire examination of the prospective jurors it was brought out that the home of juror Davis had been broken into on Christmas eve, just nine days before trial and many items were taken. Defendant's request that Davis be excused for cause was rejected. The questions asked and the answers given by juror Davis are not shown in the record, but the following summary given by the trial court in response to defendant's challenge is shown:

"In answer to the questions asked by counsel and the court, Mr. Davis said he could decide the case fairly and impartially. He said he would not hesitate to vote for a verdict of acquittal if the evidence failed to convince him beyond a reasonable doubt. The court feels that there was nothing in that question and answer period that showed he would be prejudiced."

The trial court then went on to say,

"I think if we had to excuse everyone who has been a victim of a crime just because they were victims of a crime and may be prejudiced, we would never be able to get a jury in this case, so the court is going to deny your request to challenge him for cause."

Defendant argues that the trial court based its decision on this last statement and that it was more interested in getting a jury than in protecting defendant's rights. We do not agree. The court stated unequivocally why it believed that juror Davis could serve impartially. See State v. Fransua, 85 N.M. 173, 510 P.2d 106 (Ct.App.1973); State v. Pace, 80 N.M. 364, 456 P.2d 197 (1969). The trial court did not abuse its discretion.

■ The issue, basic to defendant's second and fourth points, is whether Officer Edwards' actions in seizing and searching the defendant were reasonable under the circumstances. These points involve the initial stop and frisk and the subsequent search prior to defendant's arrest.

As to the stop and frisk the facts are these: At about 3:48 a. m., on August 8th, Police Officer Edwards was dispatched by radio to an office building to investigate a burglary which had been reported. As he drove up to the building he saw the defendant walking north on the sidewalk next to the building. The officer stopped him and asked for identification. The defendant stated that he could produce no identification because his wife had washed his wallet. He told the officer that he was on his way home at 125 Slate Street, S. W. Officer Edwards then "patted down" the defendant to see if he was armed. He felt some objects in defendant's pants pocket and asked him to take them out, which he did. They were a penknife, four rolls of stamps and two plastic stamp dispensers. The officer then returned the items. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) provides that the reasonableness of a "stop and frisk" must be judged against an objective standard. The question then is, what a reasonably prudent police officer would have done under the same circumstances. We believe he would have done as Officer Edwards did—stop the defendant, question him and determine if defendant was armed. See State v. Lewis, 80 N.M. 274, 454 P.2d 360 (Ct.App.1969).

■ As to the search and seizure prior to the arrest, the facts are these: After returning the items viewed during the stop and frisk, Officer Edwards went into the building with the janitor; defendant remaining outside. While in the building, the officer talked with Mr. Overholt, the person whose office had been entered. During this conversation, the officer

learned that Mr. Overholt had had a penknife in his desk drawer with his name inscribed on it. The officer went outside to the defendant and asked to see the penknife again. Opening the knife, the officer found Mr. Overholt's name inscribed on it. The officer then arrested defendant.

The foregoing are facts most favorable to the State. Although there is conflicting evidence, we view the facts in the light most favorable to the state. State v. Gregg, 83 N.M. 397, 492 P.2d 1260 (Ct. App.1972).

After viewing the penknife during the stop and frisk for weapons, and after the conversation with Mr. Overholt, the officer had probable cause to either search or arrest defendant. State v. McAdams, 83 N.M. 544, 494 P.2d 622 (Ct.App.1972). With probable cause established in the record, we need not determine whether defendant "consented" to the search and seizure after the conversation with Mr. Overholt.

A related question under defendant's fourth point is that the trial court erred in not conducting a hearing on defendant's motion to suppress prior to trial, rather than holding the hearing out of the presence of the jury during the trial. The record shows the trial court was not advised of the pendency of the suppression motion until the morning of the trial. The trial court pointed out that the motion was not timely under § 41–23–33(f), N.M.S.A. 1953 (2d Repl. Vol. 6, Supp.1973), but nevertheless held the hearing before the evidence sought to be suppressed was introduced at the trial. Defendant has not shown how he was prejudiced by a procedure that accorded him a hearing on an untimely motion.

█ Defendant bases his third point on the contention that the State failed to prove: (1) that the defendant had entered the burglarized premises; (2) that he entered without permission; (3) that at the time he entered he had the specific intent to commit a theft. Mr. Overholt testified that a window and the glass door of his office were broken when he inspected it on August 8th; that a penknife with his name engraved upon it was missing; that the premises were in good condition when he closed his office on August 7th at 5:00 p. m., and that the penknife was in his desk drawer. He also testified that he had not given the defendant or anyone else permission to enter during the early morning hours of August 8th. Granted the evidence that it was the defendant who had entered and that he had the requisite intent is circumstantial but his presence outside of the building with the stolen penknife in his pocket is strong circumstantial evidence. It is our opinion that this evidence points unerringly to the defendant as the person who broke into the building and took the penknife. See State v. Slade, 78 N.M. 581, 434 P.2d 700 (Ct.App.1967). We are mindful that, " 'The unexplained possession by one of goods belonging to another does not raise the presumption that a larceny has been committed, and that the possessor is a thief; additional evidence is necessary to establish the corpus delicti' ". State v. White, 37 N.M. 121, 19 P.2d 192 (1933). The additional evidence in this case is considerable: the fact a robbery had been committed; the early hour of the morning; the lack of identification; the giving of a false name (the name the defendant gave the officer proved to be false); defendant's statement that he was on his way home which was in the southwest quadrant of the city when he was walking north. It is our opinion that the State sustained the burden of proving the elements of the crime of burglary § 40A–16–3, supra. See State v. Madrid, 83 N.M. 603, 495 P.2d 383 (Ct.App.1972).

It is so ordered.

WOOD, C. J., and LOPEZ, J., concur.