529 P.2d 1256 (1974)
87 N.M. 1256
STATE of New Mexico, Plaintiff-Appellee,
v.
Robert L. GORSUCH, Defendant-Appellant.
No. 1448.
Court of Appeals of New Mexico.
December 11, 1974.
*1257 Thomas G. Fitch and Leslie C. Smith, Buhler, Smith & Fitch, Socorro, for defendant-appellant.
David L. Norvell, Atty. Gen., Ralph Muxlow II, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION
LOPEZ, Judge.
The defendant was tried and convicted for possession with intent to distribute marijuana contrary to § 54-11-22(A). N.M.S.A. 1953 (Repl.Vol. 8, pt. 2, Supp. 1973). After judgment and sentence the defendant appeals; we reverse.
Defendant raises several points for reversal, of which one, the legality of defendant's arrest, is dispositive of the appeal.
The record discloses that on the night of April 1, 1973, the defendant landed his aircraft at the Las Vegas airfield for refueling. The Federal Aviation Administration employee, who was at the airstrip when defendant landed, became suspicious of defendant and, upon discovering an alert notice pertaining to defendant's aircraft, placed a call to the number listed on the alert notice. Later in the evening, State *1258 Police Captain Chavez, stationed at Santa Fe, called Officer Montoya at Las Vegas and told him to proceed to the airfield and to arrest defendant. Officer Montoya did so, with the aid of the airfield manager, and then conducted a search of the aircraft which disclosed a large quantity of marijuana.
The same probable cause standards are applicable to state as to federal courts under the Fourth and Fourteenth Amendments. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). Before a warrant for arrest may be issued, the judicial officer issuing it must be supplied with sufficient information to support an independent judgment that probable cause exists for the warrant. Whiteley v. Warden of Wyoming Penitentiary, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). This probable cause standard must be at least as stringently applied in the case of warrantless arrests as in the instance of an arrest with a warrant. Whiteley v. Warden, supra; see McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967).
The reason for this standard is to allow a relatively independent magistrate to be interposed between the arresting force, (here, the state police) and the citizen, whose right not to be arrested without cause is guaranteed by the Fourth Amendment. Absent this standard, warrants could be issued and people arrested for such non-crimes as being politically or socially different. The standard cannot be less when the independent magistrate is not utilized.
In the case at bar, no warrants were issued. When an officer has no warrant and arrests are based upon a communication from superiors, the officer or his superior must later be prepared to meet the twofold test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964): (1) the source of the communication must be credible, and (2) the circumstances which formed the basis of the communication must be shown. Although the source of the communication is often an informer, the police radio and teletype may be placed in the position of an informer for purposes of the Aguilar tests. Turner, Probable Cause for Warrantless Arrests Pursuant to Statewide Police "Pick-Up" Directives, 25 Baylor Law Review 697 (1973).
The burden is on the state to show the requisite probable cause to justify the warrantless arrest. See Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). In the case at bar, while it is undisputed that the source of the communication to the arresting officer was credible, no circumstances are shown which may have formed the basis of the communication from Captain Chavez to Officer Montoya. The record does not show how Captain Chavez concluded that the defendant had committed any crime. The reliability of Captain Chavez' information was never shown. Aguilar v. Texas, supra, requires that the underlying circumstances be shown from which the informer (here, Captain Chavez) drew his conclusions; the record in this case shows only a conclusory statement by Captain Chavez which was unexplained and uncorroborated.
If there were no probable cause requirement in this situation, the meaning of the Fourth Amendment could be evaded by the procurement of warrants on insufficient complaints, with the subsequent circulation of notices of the warrants in the police network, "so that other police officers could gain `probable cause' to make an arrest." State v. Miller, 76 N.M. 62, 412 P.2d 240 (1966). This method would completely negate the effect of the Fourth Amendment's protection.
Nor can the arrest in this case be justified by the probable cause of the arresting officer. Officer Montoya did not observe the defendant commit any crime; he had no notice of the contents of the plane until after the arrest (at which time the defendant told him that marijuana was aboard). All that Officer Montoya knew, *1259 besides that information conveyed by his superior, was that a man got out of a plane and walked toward the police car. The information required by the arresting officer must in some sense be corroborative of the communication that the arrestee committed the felony alleged, or was in the process of committing a felony. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); Whiteley v. Warden, supra. Officer Montoya could not supply this sort of information from his observations or the actions of the defendant, as they appear on the record.
Since there was no arrest warrant issued and no probable cause shown for the defendant's arrest, the arrest was illegal. Whiteley v. Warden, supra; State v. Miller, supra.
Under the facts of this case, the search may be validated on the following theories: (1) valid warrant, (2) search incident to a valid arrest, (3) probable cause plus exigent circumstances, and (4) plain view. Collidge v. New Hampshire, 403 U.S. 443, 29 L.Ed.2d 564, 91 S.Ct. 2022 (1971). There was no search warrant. As previously shown, there was no probable cause to make a valid arrest. It follows that there was no probable cause to come under the third theory in spite of the state's contention of exigent circumstances. The marijuana, being in the airplane, was not in the plain view of the officer. The later finding of marijuana cannot validate an otherwise invalid search. Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959). Thus the search was illegal.
Further, since the arrest was illegal, the contraband seized in the illegal arrest must be held inadmissible as evidence. Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958); State v. Miller, supra. And it follows from the illegal arrest that statements made by the defendant were "come at by the exploitation of" the illegal arrest and are likewise inadmissible. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
We do not question Officer Montoya's reliance upon the communication of Captain Chavez. Arresting officers must presume that their superiors and fellow officers requesting aid have offered a magistrate the information requisite to support an independent judicial assessment of probable cause. Where, however, no warrant or showing of probable cause appears on the record, the fruits of an illegal arrest will not be "cured" or admitted merely due to the arresting officer's reliance.
"The stateside pick-up order or bulletin alone cannot form a basis for probable cause for a warrantless arrest and search. The probable cause, if any, must come from the sender when ... he can be placed in the position of an informant. The ... cases have indicated this much, but have still left one question unanswered: How do we test the sender's probable cause in order to uphold a warrantless arrest made pursuant to his request or order?
"The court should begin with the premise that if the sender who put out the information could have made the warrantless arrest or search himself had he been at the scene, then the person who acted on his request could also make the arrest or search. In such a case the sender is placed in the position of an informer, and the two-pronged test of Aguilar, with a small refinement, can be applied to him. The sender-informer is a police officer using police channels of communication, so his credibility need not be so closely scrutinized as that of another informer to whom the first of the Aguilar tests is applied.
"Giving the sender's credibility an affirmative assumption, then, emphasis should be shifted to the second test of Aguilar, with the sender's probable cause being tested mainly on the basis for his *1260 conclusion. This basis may be independent investigation he has made, or tips he himself has received, and Aguilar's tests would in turn have to be applied to these tips... ." Turner, supra.
We, therefore, hold that defendant's arrest violated his constitutional rights under the Fourth and Fourteenth Amendments; the evidence secured as incidents thereto should have been excluded from his trial. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933 (1961); Whiteley v. Warden, supra.
Defendant's conviction accordingly must be set aside. The judgment and sentence of the trial court are reversed, and the cause is remanded for a new trial consistent with this opinion.
It is so ordered.
HENDLEY and HERNANDEZ, JJ., concur.