537 P.2d 711

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Janice FRAZIER, Defendant-Appellant.**

**No. 1644.**

Court of Appeals of New Mexico.

June 11, 1975.

Dahl L. Harris, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Santa Fe, Louis Druxman, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendant was convicted in a non-jury trial, of possession of heroin and marijuana, in violation of § 54–11–23, N.M.S.A. 1953 (Repl. Vol. 8, pt. 2, 1973 Supp.). She appeals. We reverse.

The only issue on appeal is whether the trial court erred in refusing to suppress contraband seized from the defendant.

A hearing on defendant's motion to suppress was held. The defendant called the owner of the motel and two police officers to testify at the suppression hearing.

The evidence showed that on January 1, 1974, defendant was registered at the Sat-

ellite Motel. An inspection of the room by the owner disclosed cigarette burns on the bedspread. Defendant asked the owner to leave the room and come back later. The police were called and two police officers arrived.

The officers were advised that defendant's room was occupied past check-out time; that the day's rent had not been paid; that there were numerous cigarette burns; that one of the police officers should accompany the owner to the room and defendant would be asked to leave. The owner went into the room again and again was asked to leave.

While using the telephone, the owner told the police officer that defendant ran from her room and out of the motel. The second police officer, Officer Brown, was standing at the southwest corner of the motel and saw defendant run from her room carrying a large blue purse. He pursued defendant in his patrol car because, he said, the owner wanted defendant to leave and defendant did not want to leave. Even though defendant left, the police officer chased her because he did not know why she was running.

Officer Brown stopped defendant and told her he wanted to speak to her, to learn her reasons for being in the room and for running from the room, and to accompany him back to the motel. Defendant said she would go nowhere with him and turned and ran again. After the officer stopped her a second time, defendant whirled around and started hitting him. The officer grabbed her, and placed her under arrest. A second police officer, Lieutenant Stewart, then arrived, and the two police officers forcibly restrained the defendant and escorted her back to the patrol car. Lieutenant Stewart then instructed Officer Brown to take the defendant's handbag from her. His reason for so instructing was, "in case she had a weapon, or something that she could have used after we got her in the car, it was a safety precaution to remove the purse." The defendant resisted as Officer Brown attempt-

ed to take away her purse. The purse came open in the struggle; and the police officers observed inside a green, leafy substance, which they recognized to be marijuana.

The defendant was taken to the police station, where she was charged with possession of marijuana, and possession of heroin, which was found inside the purse, upon inspection.

The trial court denied the motion to suppress the contraband found in defendant's purse, giving as reason that the police officer had the legal power to stop her and to request identification. We disagree.

A. *The police did not have the right to make an investigatory stop.*

An investigatory stop, short of an arrest, is lawful when the police approach a person to investigate possible criminal behavior. State v. Lewis, 80 N.M. 274, 454 P.2d 360 (Ct.App.1969). See State v. Rivera, 85 N.M. 723, 516 P.2d 694 (Ct.App. 1973); State v. Hilliard, 81 N.M. 407, 467 P.2d 733 (Ct.App.1970) where the police were dispatched to investigate a burglary; State v. Sedillo, 81 N.M. 47, 462 P.2d 632 (Ct.App.1969) where the police had reasonable cause to investigate criminal behavior; People v. Stephenson, 529 P.2d 1333 (Colo. 1974), where a police officer accosted defendant who was walking toward him smoking a hand rolled cigarette and, when side by side with defendant, the officer smelled burning marijuana.

In the instant case, the police were called to assist the owner in evicting the defendant. The failure of defendant to pay rent did not constitute a criminal offense. The owner did not inform the police that defendant falsely obtained accommodations at the motel in violation of § 40A–16–16, N.M.S.A.1953 (2nd Repl. Vol. 6). Neither were the police informed that defendant committed criminal damage to any property in her room in the motel in violation of § 40A–15–1, N.M.S.A.1953 (2d Repl.Vol. 6). Prior to stopping defendant, the police officer admitted he had

no grounds to believe that defendant was committing or had committed a criminal offense. Neither did he have any general or specific grounds of suspicion that a criminal offense had been committed. No evidence of suspicious activity was offered by the State.

It was not reasonable for the officer to forcibly stop and restrain defendant to inquire of her identification. Defendant's identification was known. The police officer had no legitimate reason for stopping the defendant to talk to her. The police officer exceeded his authority.

B. *The arrest of the defendant was unlawful.*

■ When the defendant ran from Officer Brown the second time, she resisted the officer, and he then seized her and arrested her.

Section 40A–22–1, N.M.S.A.1953 (2d Repl. Vol. 6) provides in part:

Resisting or obstructing an officer consists of:

\*   \*   \*   \*   \*   \*

B. resisting \* \* \* any \* \* \* peace officer in the lawful discharge of his duties.

The police officer was not in the lawful discharge of his duties in stopping and restraining the defendant for identification. Defendant was not acting in any manner to warrant the police officer to use force in order to detain her. There was no justified official intrusion upon the constitutionally protected interest of a private citizen. Her resistance did not provide probable cause for the arrest. Compare, Garden City v. Mesa, 215 Kan. 674, 527 P.2d 1036 (1974).

■ A person is arrested when his freedom of action is restricted by a police officer and he is subject to the control of the officer. Howell v. State, 530 P.2d 1371 (Okl.Cr.App.1975); State v. Edwards, 111 Ariz. 357, 529 P.2d 1174 (1974). "The

burden is on the state to show the requisite probable cause to justify the warrantless arrest." State v. Gorsuch, 87 N.M. 135, 529 P.2d 1256, 1258 (Ct.App.1974).

In United States v. Ward, 488 F.2d 162, 168 (9th Cir. 1973), the court said:

Although not all street encounters between citizens and law enforcement agents involve Fourth Amendment considerations, when an officer accosts an individual and by physical force or show of authority restrains his liberty short of arrest, the stop becomes a "seizure" of the person. Terry v. Ohio, 392 U.S. 1, 16, 19, n. 16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Such a seizure must then be tested for reasonableness under the Fourth Amendment. This requires the courts to weigh the need for police action against the inconvenience and intrusion which the stop entails. [Citations Omitted].

■ The "seizure" of defendant constituted an arrest. "A police officer may arrest without a warrant if the circumstances would warrant a reasonable person in believing that an offense had been committed by the person whom he then arrests." State v. Trujillo, 85 N.M. 208, 211, 510 P.2d 1079, 1082 (Ct.App.1973). "[T]he legality of an arrest without a warrant depends upon whether the arrest was based upon probable cause." State v. Deltenre, 77 N.M. 497, 499, 424 P.2d 782, 783 (1966), cert. denied, 386 U.S. 976, 87 S.Ct. 1171, 18 L.Ed.2d 136 (1967).

■ The police had no probable cause to believe that defendant was guilty of any criminal offense. We find no reasonable grounds for the seizure and physical restraint of defendant absent a reasonable belief that a criminal offense had been committed.

See also State v. Joao, 533 P.2d 270 (Hawaii 1975); People v. Parisi, 393 Mich. 31, 222 N.W.2d 757 (1974).

■ If the seizure of the person was unjustified, even though the person fled

from an enforcement officer, any evidence recovered as a result thereof is tainted and must be suppressed. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963); See State v. Gorsuch, supra.

■ The motion of defendant to suppress should have been granted. The evidence obtained by the police is inadmissible at trial.

Reversed. Defendant is granted a new trial.

LOPEZ, J., concurs.

HERNANDEZ J., dissents.