537 P.2d 1361

The STATE of Arizona, Appellee,

v.

Rupert Ray DIXON, Appellant.

No. 2 CA–CR 546.

Court of Appeals of Arizona, Division 2.

July 24, 1975.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Anne-Marie Brady, Asst. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant was convicted by a jury of possession of heroin in violation of A.R.S.

Sec. 36–1002 as amended, and was placed on probation for a period of three years on condition that he spend eleven months in the Pima County Jail.

In the early morning hours of June 21, 1974, the City of South Tucson Police Department received a call from its dispatcher to investigate a disturbance in front of apartment # 7 of the Paradise Motel on South Sixth Avenue in South Tucson.

The first car to arrive at the scene was unit 28 occupied by Detective Aguirre and Officer Mesa, who was the driver. Unit 28 pulled up to the front of apartment # 7 where Detective Aguirre observed appellant standing between the screen door and the front door of apartment 7. Officer Aguirre saw appellant start toward a sofa which was located in front of and immediately east of apartment 7. At that time appellant had his hands in his front pockets. Officer Aguirre momentarily lost sight of appellant as he got out of the police unit and when he next saw appellant, he was seated on the sofa with his hands behind his back.

Detective Aguirre knew that the Paradise Motel was notorious for violent crimes including homicides and assaults. Aguirre testified that appellant's conduct in the placement of his hands led him to believe that appellant might have a weapon. Therefore, when Aguirre approached appellant he ordered him to face the wall and then conducted a pat-down search. In the course of the pat-down search, Aguirre felt what appeared to be a marijuana cigarette in appellant's shirt pocket. Aguirre then gave appellant his "Miranda Rights" and asked him about the cigarette. Appellant stated "It's only a joint" whereupon Officer Aguirre reached into the pocket and removed the cigarette which contained marijuana.

Appellant was then placed in the squad car. In a second unit, which in the meantime had arrived on the scene, was a student observer who was told by the officer to keep an eye on appellant while they investigated the disturbance. The student thought he saw appellant make a suspicious movement as if he were trying to hide something and reported this to the detective. He then checked inside the squad car but found nothing. After appellant was transported to the police station and while he was being questioned Officer Mesa and the student observer decided to look once more in the back of unit 28. They found a white paper containing heroin in the rear of the vehicle. A subsequent written statement by appellant connected him to the heroin.

Appellant contends that the initial pat-down frisk was unlawful and that under the doctrine of the fruit of the poisonous tree, the heroin and his later written statement were inadmissible in evidence. He further contends that in any event his written statement was secured as a result of a beating.

■■ According to appellant, the frisk violated the Fourth Amendment because (1) there were no circumstances which would lead a reasonable man to believe that he was armed; (2) appellant's mere presence at the motel was not enough to justify a frisk and (3) there must be an attempt at interrogation prior to a frisk. He relies upon Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and our opinions in Reed v. Roylston, 22 Ariz.App. 118, 524 P.2d 513 (1974) and State v. Baltier, 17 Ariz.App. 441, 498 P.2d 515 (1972). Initially we note that no single rule can be fashioned to meet every conceivable confrontation between the police and a citizen. In evaluating the reasonableness of the police action and the extent of the intrusion, each case must be considered in the light of the particular circumstances facing the law enforcement officer. State v. Lesnick, 84 Wash.2d 940, 530 P.2d 243 (1975). Terry v. Ohio, supra, provides that the reasonableness of a stop and frisk must be judged against an objective stand-

ard. The question then is, what a reasonably prudent police officer would have done under the same circumstances. State v. Rivera, 85 N.M. 723, 516 P.2d 694 (1973).

Here, the police officers were called to a motel known to them to be the scene of violent occurrences. Appellant was seen coming out of the very apartment in which a disturbance had been reported by the motel manager. We believe that the officers' knowledge, combined with the reported disturbance and appellant's actions would justify a reasonably prudent police officer to make a limited "Terry" pat-down. Under the circumstances here, it was not necessary for the police officers to interrogate appellant prior to the pat-down. As was stated by Chief Justice Burger in United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971) :

> " '[T]he Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion.' "

Appellant's claim that the police went beyond a Terry-type frisk is based upon his version of the incident rather than upon the version of the police which was accepted by the trial court. The contention is therefore frivolous.

Appellant's arguments that his statement was obtained by force is likewise based upon his version of the facts. There was a conflict in the evidence on this point and we will not disturb the trial court's resolution of this matter.

Although the trial in this case was not held within the time limit set forth in Rule 8.2 of the Rules of Criminal Procedure, 17 A.R.S., the record clearly demonstrates that the continuance granted by the presiding judge of the Pima County Superior Court was justified under Rule 8.4(c) and appellant was not denied a speedy trial.

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.