651 P.2d 1299

**STATE of New Mexico, Petitioner,**

v.

**Victor TOVAR, Respondent.**

**No. 14323.**

Supreme Court of New Mexico.

Sept. 30, 1982.

Jeff Bingaman, Atty. Gen., William Lazar, Asst. Atty. Gen., Santa Fe, for petitioner.

Michael Dickman, Appellate Defender, David Stafford, Asst. Appellate Defender, Santa Fe, for respondent.

## OPINION

PAYNE, Justice.

The defendant, Victor Tovar, was prosecuted for an unlawful taking of a motor vehicle in violation of Section 66–3–504, N.M.S.A.1978. When the State rested its case, the defendant moved for a directed verdict. The trial court denied the motion. The defendant did not present any evidence. The jury returned a guilty verdict and the defendant appealed, asserting that the evidence presented was insufficient to support a conviction. The Court of Appeals, with one dissent, agreed with the defendant and reversed the conviction. We hold that substantial evidence supports the conviction and therefore reverse the Court of Appeals and affirm the jury verdict.

The evidence presented by the State's witnesses may be summarized as follows. Sometime after 11:00 p.m., a U-Haul truck was taken from the lot of the service station in Lordsburg, New Mexico, that operated the U-Haul franchise. The particular truck taken was used by the station owner as a "working warehouse," which means that it contained extra tires, wheels, towbars, hitches, etc. At about 5:45 a. m. on the same morning that the owner discovered the truck was missing, two Border Patrol agents investigated a U-Haul truck parked by a bridge along the highway between Lordsburg and Douglas, Arizona, just a few miles out of Douglas. The defendant was in the driver's seat. Another man was with him in the cab. The Border Patrol agents asked to inspect the contents of the truck, and as the defendant took them to the rear of the truck, a third man approached from under the bridge. Three additional men were found in the rear portion of the truck.

The defendant told the Border Patrol agents that he was "coming from Lordsburg" and going to Douglas to a Chevron station run by a relative. Satisfied that all six men were U. S. citizens, the Border Patrol agents left, noting that the truck left the area proceeding towards Douglas.

A short while later, a resident of Douglas observed the truck being parked on his street, which ended in a dead-end. The witness watched the truck being driven to the dead-end, turned around, and then parked. The defendant and two other men left the truck and walked away. This witness feared that the truck might have contained illegal aliens and he notified the police. The officer who arrived and in-

spected the truck found that the wiring in the cab was ripped out and had probably been hot-wired. The defendant and his two companions were taken into custody.

The defendant told the investigating officer the following story. He and his companions had been hitchhiking from Lordsburg to Douglas to see the defendant's aunt. About 20 miles out of Lordsburg they were picked up by three men driving the U-Haul truck. Before arriving at Douglas, these three men got out of the truck and left it to the defendant and his companions, who proceeded to take the truck to Douglas. After hearing this story, the police released the men.

In the meantime, the Border Patrol found three tires under the bridge where the truck had been parked earlier that morning. The investigating officer from Douglas was summoned. After noticing a Lordsburg address written on the tires, the officer called the Lordsburg sheriff, and thereby discovered that a U-Haul truck was missing. Footprints near the bridge matched those found around the truck abandoned by the defendant in Douglas. The defendant and his companions were again taken into custody and charges brought against the defendant.

We have previously stated:

In determining whether the evidence supports a criminal charge or an essential element thereof, the appeals court must view the evidence in a light most favorable to the state, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of a verdict of conviction. (Citations omitted.) The appellate court does not weigh the evidence and may not substitute its judgment for that of the jury. (Citations omitted.)

State v. Lankford, 92 N.M. 1, 2, 582 P.2d 378, 379 (1978).

The test for sufficiency of the evidence in a criminal case has been articulated by the Court of Appeals. "[W]e must determine whether there is sufficient evidence to justify a rational trier of fact to find beyond a reasonable doubt with respect to every element essential to a conviction." State v. Carter, 93 N.M. 500, 503, 601 P.2d 733, 736 (Ct.App.), cert. denied, 93 N.M. 683, 604 P.2d 821 (1979). A conviction cannot stand if "the evidence must be buttressed by surmise and conjecture, rather than logical inference in order to support [the] conviction." State v. Romero, 67 N.M. 82, 84, 352 P.2d 781, 782 (1960).

▪ To prove that the defendant committed the crime charged, the State must prove that he took the vehicle without the owner's consent, in New Mexico, with the requisite criminal intent. § 66–3–504; N.M.U.J.I.Crim. 1.50 and 16.50, N.M.S.A. 1978 (Repl.Pamp.1982).

▪ The defendant argues that there was no evidence that he took the truck. As the Court of Appeals stated in State v. Rivera, 85 N.M. 723, 725, 516 P.2d 694, 696 (1973):

"We are mindful that, ' "The unexplained possession by one of goods belonging to another does not raise the presumption that a larceny has been committed, and that the possessor is a thief; additional evidence is necessary to establish the corpus delicti".' State v. White, 37 N.M. 121, 19 P.2d 192 (1933). The additional evidence in this case is considerable * *."

On the basis of the evidence presented, the jury could logically infer that the defendant did in fact take the truck, with the requisite criminal intent. The truck had been broken into and hot-wired. The defendant was identified as the driver when the Border Patrol agents investigated the parked truck on the highway. During direct examination of one of the agents, the following question was answered affirmatively: "And this person that told you he had been picked up as a hitchhiker, was he the same person who earlier had told you that he was bringing the U-Haul to his brother-in-law?"

This question was not objected to by the defendant. The defendant gave conflicting explanations of his activity. These facts support an inference that the defendant took the truck from Lordsburg. *State v. Rivera, supra.*

Other evidence also supports the jury's verdict. The defendant acted as spokesman for the men in the truck. The men who supposedly picked up the hitchhiking defendant were riding in the back of the truck. Although the defendant said the men had stopped at the bridge to relieve themselves, three of the tires which had been stored in the truck were found to have been concealed under the bridge. The defendant abandoned the truck in a residential area in Douglas without attempting to return it to a U-Haul dealer.

This evidence supports the logical inference that the defendant was the leader of the group, that he took the truck in order to go to Douglas and that his explanations to the contrary were untrue. There is no need for surmise and conjecture, because substantial evidence, even if circumstantial, supports the conviction. *State v. Lankford, supra.*

The defendant also claims that the trial court erred in failing to change attorneys shortly before trial of the habitual offender charge and in failing to continue the trial of that charge. We disagree. As the defendant himself recognizes, the trial court has discretion in ruling on such matters and we will not interfere except where there is an abuse of discretion. *State v. Orona,* 97 N.M. 232, 638 P.2d 1077 (1982); *State v. Bell,* 90 N.M. 134, 560 P.2d 925 (1977); *See State v. Manus,* 93 N.M. 95, 597 P.2d 280 (1979). There was no abuse here.

Accordingly, the judgment and sentence entered in the district court is reinstated.

IT IS SO ORDERED.

EASLEY, C. J., and RIORDAN, J., concur.

SOSA, Senior Justice, and FEDERICI, J., respectfully dissenting.