# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.        **NO. 28,928**

**JOHN HEYING,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Neil C. Candelaria, District Judge**

Hugh W. Dangler, Attorney General
Santa Fe, NM

for Appellee

Leon F. Encinias
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant John Heying appeals his conviction for violating an order of protection, asserting that the metropolitan court erred in denying his motion for

directed verdict and in concluding that substantial evidence supported his conviction. This Court issued a calendar notice proposing to affirm the conviction on the summary calendar. Defendant filed a memorandum in opposition, which we have duly considered. We affirm.

We review Defendant's directed verdict and substantial evidence issues together. *See, e.g.*, *State v. Romero*, 111 N.M. 99, 101, 801 P.2d 681, 683 (Ct. App. 1990) (stating that "[t]he question presented by a motion for directed verdict is whether there is substantial evidence supporting the charge"). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

> [T]he test to determine the sufficiency of evidence in New Mexico . . . is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction. A reviewing court must view the evidence in the light most favorable to the state, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict. This court does not weigh the evidence and may not substitute its judgment for that of the fact finder so long as there is sufficient evidence to support the verdict.

*State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988) (citations omitted).

Defendant raises two arguments concerning sufficiency of the evidence used to convict him of violating an order of protection by placing a telephone call to Tammy Smith, his former girlfriend. First, he argues that no "contact" occurs when

the protected person to whom a phone call is directed does not answer the phone. We propose to disagree for the reasons set forth in the district court's memorandum opinion. [RP 86] By dialing Tammy Smith's number, Defendant attracted her attention, causing her to look at her phone's caller ID and making her aware that the call was from Defendant and that if she answered the call she would be talking to him. We do not understand the term "contact" to include any requirement of a response from the person assertedly contacted. We conclude, for purposes of domestic violence orders of protection that forbid contact, that making a phone call to a protected person constitutes contact where the person becomes aware that the call is from the restrained person, regardless of whether the protected person answers the call.

Defendant also argues that there was insufficient evidence that he was the person who made the call. His memorandum in opposition to our calendar notice argues that the metropolitan court relied on "mere speculation, guess[,] or conjecture" in concluding that he was the person on the other end of the line and that he intentionally called Smith. [MIO 2] "A conviction cannot stand if the evidence must be buttressed by surmise and conjecture, rather than logical inference in order to support [the] conviction." *State v. Tovar*, 98 N.M. 655, 657, 651 P.2d 1299, 1301 (1982) (internal quotation marks and citation omitted). We conclude that the circumstantial evidence before the metropolitan court sufficiently supported an

inference that the caller was Defendant. For several reasons, the metropolitan court's conclusion that it was Defendant who made the call was more than "surmise and conjecture." First, it was reasonable for the judge to assume that the phone number appearing on Smith's phone got there as a result of a call being made from Defendant's phone and not through some electronic anomaly or other means. Second, while there was some evidence that Defendant also used the phone for his plumbing business, the fact that the call came at 8:41 p.m., after normal business hours, suggests that Defendant made the call. [RP 83] Third, when one of the officers called the phone number at approximately 11:25 p.m., the recorded greeting identified the number as belonging to Defendant and his business, 3J's Plumbing. [RP 83, 86] Fourth, Defendant personally returned the officer's call at 1:59 a.m. [RP 83-84] Thus, in order for some other person to have made the call, the phone would have to have been in that other person's possession at 8:41 p.m. and returned to Defendant sometime before 1:59 a.m. Considered together and viewed in the light most favorable to the State, resolving all conflicts and indulging all permissible inferences in favor of the verdict, we hold that these circumstances are adequate to prove beyond a reasonable doubt that Defendant contacted Smith in violation of the order of protection. *See id.*

In reviewing the evidence that was presented at trial in metropolitan court, the

4

district court's memorandum opinion also mentions that the call made at 8:41 p.m. was "just prior to the incident involving Tammy's new car." [RP 86] The court appears to reasonably infer a connection between the two events, in further support of Defendant's conviction.

For the reasons set forth above, we affirm Defendant's conviction.

**IT IS SO ORDERED.**


_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Chief Judge**


_____
**MICHAEL D. BUSTAMANTE, Judge**