| STATE V. LAREZ |
|---|

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**FELIPE LAREZ,**
**Defendant-Appellant.**

Docket No. A-1-CA-37784
COURT OF APPEALS OF NEW MEXICO
May 20, 2019

APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY, Kea W. Riggs, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM for Appellee

Bennett J. Baur, Chief Public Defender, Allison H. Jaramillo, Assistant Appellate Defender, Santa Fe, NM for Appellant.

**JUDGES**

JULIE J. VARGAS, Judge. WE CONCUR: J. MILES HANISEE, Judge, KRISTINA BOGARDUS, Judge

**AUTHOR:** JULIE J. VARGAS

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Defendant appeals from his conviction for resisting, evading, or obstructing an officer. This Court's notice of proposed disposition proposed summary affirmance. Defendant filed a memorandum in opposition to the proposed disposition. We are not persuaded by Defendant's arguments and proceed to summarily affirm.

**{2}**     Defendant's specific contention is that there was insufficient evidence to support the third element of the charge, which instructed: "[D]efendant resisted or abused [the police officer] in the lawful discharge of [his] duties." [DS 5; RP 254] As to whether Defendant was obstructing the officer, Defendant contends that he testified at trial that he did not believe he was obstructing the officer, but that the officer was showing off in front of another officer in training when he took Defendant down to the ground. [MIO 5] Insofar as Defendant's testimony conflicted with the officer's testimony, the jury could disbelieve him, and it is for the fact-finder to resolve any conflict in the testimony and to determine the weight and credibility of the evidence. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine their weight and credibility); *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (stating that the jury can reject the defendant's testimony and the appellate court disregards all evidence and inferences that support a different result).

**{3}**     As to whether the officer was acting in the lawful discharge of his duties, Defendant asserts that the officer did not suspect him of committing a crime, but arrested him because he would not leave the sidewalk, where Defendant asserts he had a right to stand. [MIO 5] Defendant cites the holding in *State v. Frazier*, that the officer in that case was not acting in the lawful discharge of his duties when he detained the defendant, so her resistance did not give the officer probable cause to support her arrest. 1975-NMCA-074, ¶ 15, 88 N.M. 103, 537 P.2d 711. We are not persuaded by Defendant's argument because the facts are distinguishable. In *Frazier*, the "[the d]efendant was not acting in any manner to warrant the police officer to use force in order to detain her." *Id.* In contrast, here, there was evidence that following a heated conversation, in which Defendant used profanities and became increasingly agitated, the officer asked Defendant to leave his "scene" as he prepared the car for an inventory search, causing Defendant to yell "this is America motherfucker" and move toward the officer. [DS 4] It was this behavior that caused the officer to grab Defendant by the shirt and take him down. [Id.] The officer testified that Defendant then reached for his gun on the opposite side of his body; the officer felt the gun being tugged, but it did not come unholstered. [MIO 2] To the extent Defendant testified that he never reached for the officer's gun, "the jury is free to reject [the d]efendant's version of the facts." [MIO 3] *Rojo*, 1999-NMSC-001, ¶ 19.

**{4}**     Viewing all the evidence in the light most favorable to support the verdict, we conclude that there was substantial evidence to support Defendant's conviction. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 ("In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict."); *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion").

**{5}**     For all of these reasons, and those stated in our notice of proposed disposition, we affirm.

**{6}**     IT IS SO ORDERED.

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KRISTINA BOGARDUS, Judge**