This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39194**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**ANTHONY MARTINEZ,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett Loveless, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** The State appeals from the district court's order granting Defendant's motion to dismiss and dismissing Count 1 of the indictment, battery upon a peace officer. This Court issued a notice of proposed summary disposition proposing to reverse the district court's order. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we reverse.

**{2}** Defendant contends that the district court properly dismissed his battery upon a peace officer charge because the victim deputy (Deputy) was not engaged in the lawful discharge of his duties since he was off-duty at the time of the incident, was wearing

civilian clothes, driving his personal vehicle, and reacting on his own to a chance encounter. [MIO 2]

**{3}** Defendant cites *State v. Phillips*, 2009-NMCA-021, ¶ 16, 145 N.M. 615, 203 P.3d 146, for the assertion that "an officer detaining a person without legal authority other than the bare fact of his employment as a peace officer is not in the lawful discharge of his duties." [MIO 10] However, the Court's discussion in *Phillips* of whether a defendant can be convicted of battery upon a peace officer when he or she has been unlawfully arrested is dictum and has no binding force of law because it was not necessary to this Court's decision. *See Ruggles v. Ruggles*, 1993-NMSC-043, ¶ 22 n.8, 116 N.M. 52, 860 P.2d 182 (stating that language unnecessary to the decision of the issues before the court is dicta "no matter how deliberately or emphatically phrased"). Furthermore, our Supreme Court held in *State v. Doe*, 1978-NMSC-072, ¶ 14, 92 N.M. 100, 583 P.2d 464, that "[e]ven if an arrest is effected without probable cause, a police officer is engaged in the performance of his official duties if he is simply acting within the scope of what the agent is employed to do[,]" and "[t]he test is whether the agent is acting within that compass or is engaging in a personal frolic of his own." (alteration, internal quotation marks, and citation omitted). *See Aguilera v. Palm Harbor Homes, Inc.*, 2002-NMSC-029, ¶ 6, 132 N.M. 715, 54 P.3d 993 (stating that the Court of Appeals remains bound by Supreme Court precedent). This Court's decision in *State v. Tapia*, 2000-NMCA-054, ¶ 17, 129 N.M. 209, 4 P.3d 37, also explains that "[a]s our Supreme Court observed in *Doe*, societal interests demand that a police officer carrying out his or her duties in good faith be free from threat or physical harm[,]" and "sound public policy favors protecting police officers from assault or battery, regardless of whether the officer's actions were technically legal or illegal." Accordingly, whether the Deputy was engaged in the lawful discharge of his duties depends on whether he was acting within the scope of what he was employed to do or whether he was on a personal "frolic."

**{4}** Defendant argues that the Deputy was engaged in a "frolic," and not within the lawful discharge of his duties because the facts of this case resemble the facts in *State v. Frazier*, 1975-NMCA-074, 88 N.M. 103, 537 P.2d 711. [MIO 9-10] In *Frazier*, the police were called because the owner of a motel wanted the defendant removed from her room for various reasons, including because she had stayed past check-out time. *Id.* ¶ 5. The owner of the motel informed the officers on the phone that the defendant had run from her room and out of the motel. *Id.* ¶ 6. Despite this fact, one of the officers decided to pursue the defendant in his patrol car because, he said, "the owner wanted [the] defendant to leave and [the] defendant did not want to leave." *Id.* This Court determined that the officer exceeded his authority because he "had no legitimate reason for stopping the defendant to talk to her." *Id.* ¶ 12. Defendant accordingly argues that, like the officer in *Frazier*, the Deputy in this case was also on a personal "frolic" when he pursued Defendant, and therefore was not within the scope of his duties. [MIO 9-10]

**{5}** In this case, the Deputy saw Defendant fleeing from a police officer and run across traffic on I-25. [MIO 1] The Deputy gave chase and struggled with Defendant and was elbowed in the lip. [MIO 2] As we explained in the notice of proposed disposition, assisting a fellow peace officer with a fleeing suspect, who is putting himself and the

drivers on the highway in danger by running in traffic, is a legitimate reason for the Deputy to apprehend Defendant. *See* NMSA 1978, § 30-1-12(C) (1963) (defining a "peace officer" as a "public officer vested by law with a duty to maintain public order"). [CN 4] Defendant has not provided us with analogous authority or sufficient argument to convince us that the Deputy was engaged in a "frolic" at the time he pursued Defendant simply because he was off-duty at the time. *See* NMSA 1978, § 29-1-1 (1979) (stating that it is the responsibility of every "peace officer to investigate all violations of the criminal laws of the state which are called to the attention of any such officer or of which he is aware"); *Narney v. Daniels*, 1992-NMCA-133, ¶ 29, 115 N.M. 41, 846 P.2d 347 ("[P]olice officers generally retain authority to act as police officers when off duty."); *see also Tapia*, 2000-NMCA-054, ¶ 17.

**{6}**     For the reasons stated above, and for the reasons stated in the notice of proposed disposition, which Defendant did not specifically refute, *see State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374, we therefore conclude that the district court erred in dismissing Defendant's battery upon a peace officer charge.

**{7}**     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we reverse the district court's order.

**{8}     IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**