This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40871**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**BEATRICE KAHN,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Court Judge**

Raúl Torrez, Attorney General
Alyssa C. Cervantes, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Mark A. Peralta-Silva, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** This matter was submitted to the Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, the Court assigned this matter to Track 2 for additional briefing. Now having considered the brief

in chief, answer brief, and reply brief, we reverse the district court's denial of presentence confinement credit and remand for resentencing.

**{2}**     Defendant is appealing from a district court order revoking her probation. [RP 369-374] The district court order denied Defendant presentence confinement credit for the period of February 27, 2020 to May 4, 2022, based on a finding of fugitive status. [RP 370-71] On appeal, Defendant does not challenge the merits of the revocation itself, but contends that the district court erred in denying her presentence confinement credit based on fugitive status. [BIC 7]

**{3}**     When a defendant's probation is revoked, "[a] defendant is entitled to credit for any time on probation, unless the [s]tate can show either (1) it unsuccessfully attempted to serve [a] warrant on the defendant or (2) any attempt to serve the defendant would have been futile." *State v. Jimenez*, 2004-NMSC-012, ¶ 8, 135 N.M. 442, 90 P.3d 461; *see* NMSA 1978, § 31-21-15(C) (2016) ("If it is found that a warrant for the return of a probationer cannot be served, the probationer is a fugitive from justice."). "[T]he state is required, at a minimum, to show that the state attempted to serve the warrant but was unable to or that it would have failed to serve the warrant if it had attempted to do so." *State v. Thomas*, 1991-NMCA-131, ¶ 10, 113 N.M. 298, 825 P.2d 213), *overruled on other grounds by Jimenez*, 2004-NMSC-012, ¶ 11. In addition, "[t]he state must ordinarily prove that it issued a warrant for the probationer's arrest and entered it in the National Crime Information Center (NCIC) database in order to support a finding of fugitive status." *State v. Neal*, 2007-NMCA-086, ¶ 31, 142 N.M. 487, 167 P.3d 935. Defendant contends that the State failed to show that it unsuccessfully attempted to serve the warrant or that any attempt would have been futile. [BIC 8]

**{4}**     A review of the evidence in this case indicates that the State did not satisfy its burden to establish that Defendant was a fugitive for purposes of denying her presentence confinement credit. On September 26, 2019, Defendant's probation officer, Gabriel Munez, drafted a violation report. [1 RP 236; AB 2] A bench warrant was issued, and Defendant was arrested on October 10, 2019. [AB 2] Defendant was released and ordered to report to probation on February 20, 2020. [AB 2] Defendant failed to report on that day, and a new (sixth) petition for revocation was filed. [2 RP 279; AB 2] The district court issued a bench warrant on March 16, 2020, and Defendant was arrested on May 4, 2022, by Albuquerque police. [AB 2; 2 RP 298-99]

**{5}**     At the hearing on the petition for revocation, the State called Officer Craig Quiroga, a probation and parole officer, who testified that Defendant was declared an absconder after failing to appear on February 20, 2020. [AB 3] Defendant's probation report, entered on March 6, 2020, indicated that Defendant's last known address (the Tularosa residence) and phone number were no longer accurate, and Officer Quiroga also indicated this in his testimony. [AB 3] The district court made an oral ruling at a later hearing that Defendant was a fugitive. [AB 3]

**{6}**     The State did not present any evidence that the warrant was actually entered into NCIC. In its answer brief, the State characterizes the NCIC issue as "unknown";

however, the State had the burden to establish this evidence and we will not resort to speculation to support a finding of reasonable diligence. [AB 6] *See State v. Tovar*, 1982-NMSC-119, ¶ 8, 98 N.M. 655, 651 P.2d 1299 (stating that any reasonable inferences must be based on facts in evidence and not on surmise or conjecture). Accordingly, we weigh this heavily against a finding of fugitive status. *See Jimenez*, 2004-NMSC-012, ¶ 15 (noting that the state's failure to enter a warrant into the NCIC database "weighs heavily against a finding that the [s]tate acted with due diligence").

**{7}** Even without the need to overcome a higher burden, given the lack of evidence concerning the NCIC, the evidence does not establish that the warrant could not be served with reasonable diligence. *See Neal*, 2007-NMCA-086, ¶ 34 ("At a minimum, the state must present some evidence that raises a reasonable inference that the warrant could not be served with reasonable diligence."(internal quotation marks and citation omitted)). There was no showing beyond the fact that Defendant's last known address was no longer accurate.

**{8}** Notwithstanding this lack of evidence, the State maintains that the ruling is supported on the alternative ground of futility. [AB 7] The State relies on Officer Quiroga's testimony that Defendant's last known address was no longer valid combined with Defendant's history of noncompliance. [AB 7-9] This does not establish that that reasonable diligence to serve the warrant would have been futile. Although there is some indication that Defendant may have been in Texas at some point, this alone would not have satisfied the State's showing of futility. *See State v. Hinojos*, 2014-NMCA-067, ¶ 12, 327 P.3d 1120 (discussing high bar of futility, including need to show reasonable efforts when a probationer is believed to be in a foreign jurisdiction).

**{9}** Finally, the State relies on comments made by Officer Peter Sanders, a probation officer, at a dispositional hearing where the district court did not directly address Defendant's fugitive status. [AB 4, 7-8] Officer Sanders stated at a dispositional hearing that an apprehension unit had gone to Defendant's Tularosa address and that she was not there. [AB 4] The State indicates that it is not known what weight, if any, was given to these statements for purposes of fugitive status. [AB 7-8] However, even if these comments could be considered as part of the district court's fugitive inquiry, they are insufficient to support the denial of presentence confinement credit. There are no details provided about the circumstances of the apprehension unit's visit to the residence. Officer Sanders may have been referring to past attempts to apprehend Defendant associated with the many previous probation revocation petitions that had been filed against Defendant. In any event, when the State filed the sixth petition [2 RP 279] to revoke Defendant's probation on March 12, 2020, Defendant's probation officer had already declared the Tularosa address to be invalid. [2 RP 281-82] As such, it would not be reasonable to conclude that any attempt to serve the March 16, 2020, warrant at the Tularosa residence was enough to show adequate efforts to serve Defendant or to establish futility.

**{10}** Based on the foregoing, we reverse the district court's denial of presentence confinement credit and we remand for resentencing.

**{11}** IT IS SO ORDERED.

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMMARA H. HENDERSON, Judge**