**Cecil WOOD, Jr., Appellee,**

v.

**Superintendent Robert F. ZAHRAD-NICK, Appellant.**

**No. 77–1627.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 8, 1977.

Decided July 18, 1978.

Jim L. Chin, Asst. Atty. Gen., Richmond, Va. (Anthony F. Troy, Atty. Gen., Richmond, Va., on brief), for appellant.

John D. Grad, Alexandria, Va. (Gregory E. Stambaugh, Philip Hirschkop & Associates, Ltd., Alexandria, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, WINTER, Circuit Judge, and FIELD, Senior Circuit Judge.

HAYNSWORTH, Chief Judge:

The Commonwealth of Virginia has appealed from an order of the district court granting a writ of habeas corpus to a prisoner convicted of rape and related offenses, upon whom a death sentence was imposed, later reduced to life imprisonment. *See Wood v. Commonwealth*, 213 Va. 346, 192 S.E.2d 808 (1973). The district court found that Wood's lawyer's performance was so inadequate as to amount to a deprivation of his rights under the Sixth and Fourteenth Amendments. *Wood v. Zahradnick*, 430 F.Supp. 107 (E.D.Va.1977). We affirm.

The facts are adequately disclosed in the opinion of the district judge, and, since we adopt his reasoning in major part, there is need for only a summary statement of them here.

In the dead of night, Wood, then twenty-seven years old, broke into a home occupied by two women many years older than he. He forcibly raped one of them, severely beat both of them, temporarily abducted both and left in their automobile after having taken their money and a television set. He made no attempt to flee when arrested a few hours later while driving the stolen automobile and still in possession of the stolen money and television set.

Other circumstances lend particularly bizarre qualities to the incident. The sixty-seven year old woman he raped had known him since his childhood. He customarily addressed her as "Miss Annie." Though well known to the woman, he made no attempt to conceal his identity. Moreover, earlier that evening he had twice had sexual relations with his girlfriend, leaving her house to commit a violent sex act which was as senseless as it was brutal.

The next day his lawyer interviewed him, and was told that Wood had no recollection of his having broken into the house or any subsequent event of the night before. He said, however, that earlier in the evening he had had several bags of heroin and had drunk a large amount of moonshine whiskey. The lawyer's interview notes recorded the fact that even then Wood's mind seemed not completely clear, that Wood was not always responsive and required the lawyer to repeat himself. The note also recorded that Wood was showing withdrawal symptoms and was asking for Darvon.

Except for the one interview with his client, the lawyer, since deceased, apparently made no pretrial preparation. He did not seek a mental examination of his client and he went to trial upon a plea of not guilty, offering in defense only the testimony of his client, during which Wood said that he was addicted to heroin and had been using that and drinking a large quantity of whiskey on the night in question and that he remembered none of the events to which the prosecutrix and the arresting policemen testified. Of course, he was found guilty, for the concurrence of the testimony of the women, their physical condition and Wood's possession of their automobile and other goods at the time of the arrest left no room for doubt that he committed the acts with which he was charged.

Had the lawyer sought a psychiatric evaluation of Wood, as provided by law in Virginia, there is a possibility that he could have developed an insanity defense. In a subsequent post-conviction hearing, two psychiatrists testified that some people are subject to alcoholic pathological intoxication in which they become quite psychotic and quite unable to distinguish right from wrong. One subject to such uncommon effects from the consumption of alcohol will remain so, and the Commonwealth insisted at oral argument that even now psychiatric evaluation with the administration of alcohol can probably result in a determination whether or not Wood was psychotic at the time the acts were committed, assuming the truth of his testimony about his consumption of alcohol.

■ Wood has a low I.Q., and there is nothing to suggest that he is insane in the legal sense or was at the time the crimes were committed, except for the suggestion of the possibility of a psychosis induced by alcohol. In a later letter to substitute counsel, the defense lawyer said that he had not sought a psychiatric examination of Wood because Wood was not insane, and the lawyer did not believe that he was temporarily insane when he committed the acts for which he was convicted. The lawyer, however, was not entitled to rely upon his un-substantiated belief about the defendant's mental condition at the time of the rape. What Wood had done was so senseless that any lawyer should have sought available expert assistance to explore the possibility that Wood was suffering with a transitory psychosis. Though he had no other defense and the trial was certain to result in a conviction unless an insanity defense prevailed, the lawyer did nothing to explore the one avenue which offered a ray of promise.

For these reasons, more fully explicated by the district judge, we conclude that Wood's representation was so below the standard of reasonable competence that it amounted to a deprivation of Wood's Sixth Amendment right to counsel *Marzullo v. Maryland*, 561 F.2d 540 (4th Cir. 1977).

■ In *Marzullo* we held that a defendant has a Sixth Amendment right to reasonably competent counsel during trial. We hold today that the right to reasonably competent counsel attaches at the moment a lawyer is appointed to defend a client charged with a crime. *U. S. v. DeCoster*, 159 U.S.App.D.C. 326, 487 F.2d 1197 (1973). That right imposes a correlative duty on defense counsel to undertake reasonable steps to investigate all open avenues of defense. The circumstances have clearly suggested that an exploration of his mental condition was such an avenue. The lawyer's failure deprived his client of his right to effective assistance of counsel.

■ There is a possibility, however, that Virginia may be able to show that the lawyer's failure to seek psychiatric evaluation of Wood was harmless beyond a reasonable doubt. That would be established if psychiatric examination now may result in a competent determination that Wood is not now and was not then subject to a psychotic reaction to alcohol. For that purpose, the case will be remanded to the district court with instructions to procure a psychiatric examination of Wood. If that examination results in an acceptable determination that Wood was not psychotic as a result of his consumption of whiskey, issuance of the

writ should be denied. Otherwise, issuance of the writ will stand affirmed.

*AFFIRMED AND REMANDED.*