Cecil **WOOD**, Jr., **Appellee**,

v.

Robert Frank **ZAHRADNICK**, **Appellant**.

No. 79–6587.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 3, 1979.

Decided Jan. 11, 1980.

Jim L. Chin, Asst. Atty. Gen., Richmond, Va. (Marshall Coleman, Atty. Gen. of Virginia, Richmond, Va., on brief), for appellant.

Leonard S. Rubenstein, Alexandria, Va. (John D. Grad, Hirschkop & Grad, P. C.; Gregory E. Stambaugh, Alexandria, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BUTZNER, Circuit Judge, and FIELD, Senior Circuit Judge.

PER CURIAM:

Petitioner was convicted of several crimes arising from an attack on two women. After exhaustion of state remedies, he sought habeas corpus relief pursuant to 28 U.S.C. § 2254. The district court granted the writ, holding that defense counsel's failure to raise the issue of petitioner's sanity at the time of the commission of the crimes constituted ineffective assistance of counsel. *Wood v. Zahradnick*, 430 F.Supp. 107 (E.D.Va.1977). This court affirmed the finding of ineffective assistance of counsel, but remanded the case to allow the Commonwealth an opportunity to prove, if it could, that the attorney's failure to raise a defense of insanity was harmless error. *Wood v. Zahradnick*, 578 F.2d 980 (4th Cir. 1978).

After psychiatric examination and a full hearing, the district court determined that

---

the Commonwealth had not made the requisite showing, and ordered petitioner released. On appeal, the Commonwealth presents two questions.

First, it contends that the court erred in finding that it had not shown that the ineffective assistance of counsel was harmless beyond a reasonable doubt. This contention must be rejected, however, since the court's finding in this regard is amply supported by the evidence.

Second, the Commonwealth contests the court's ruling that it may not retry petitioner because the passage of time renders impossible accurate psychiatric evaluation of his mental state at the time the crimes were committed. We find merit in Virginia's objection, since the evidence does not indicate that meaningful psychiatric examination will prove appreciably more difficult now than it would have been if undertaken shortly after commission of the offenses.

There was psychiatric testimony that a meaningful evaluation of Wood while he was still on drugs and alcohol would have been much more productive and could have formed the basis of a meaningful medical judgment. One psychiatrist injected a quantity of alcohol into Wood's bloodstream, but was afraid to inject enough to produce extreme intoxication. The consequence was that the attempted experiment was simply inconclusive.

It would have been most unlikely, however, if not impossible, that a court-appointed lawyer could have procured a psychiatric examination of Wood at a time when the effects of his use of heroin and alcohol were still readily apparent. Time necessarily elapses between an arrest and the appointment of a lawyer when there has been no request for one in connection with the early police investigative procedures. When the trial lawyer was appointed, he had no reason to think there was a problem of competency at the time of the commission of the crimes until his investigation was completed and he was fully aware of Wood's very bizarre conduct during the night when the crimes were committed. Had he then very promptly requested a commitment for psychiatric examination, additional time would have elapsed before Wood could have been transferred to a psychiatric facility and been actually examined.

Nothing in the record suggests that the effects of Wood's abuse of heroin and alcohol would have lingered so long that a psychiatrist examining Wood in the normal course of events, if the trial lawyer had perceived a need for such an examination, would have been in a substantially better position than a psychiatrist examining Wood now. It may be that a psychiatrist can venture an opinion now based upon the proof of Wood's bizarre conduct. If not, the problem is not the result of the lawyer's neglect unless a psychiatrist examining Wood at a time when such an examination would have been expected to occur had the lawyer not been neglectful would have had a substantially firmer foundation for a judgment than a psychiatrist now may have.

Since all the record shows is that a psychiatric examination substantially contemporaneous with the crimes could have been based upon a substantially firmer foundation, but nothing to show that an examination a month or so later would provide such a substantially firmer foundation, the motion of the Commonwealth to alter the judgment to permit Wood's retrial should have been granted.

*AFFIRMED IN PART; VACATED AND REMANDED IN PART.*