726 P.2d 354

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Scott Alan LEWIS,
Defendant-Appellant.**

No. 8709.

Court of Appeals of New Mexico.

Sept. 4, 1986.

Paul G. Bardacke, Atty. Gen., Anthony Tupler, Ass't Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Lynne Fagan, Ass't Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

DONNELLY, Judge.

Defendant appeals his convictions of four counts of forgery and one count each of embezzlement and larceny. Seventeen issues are raised on appeal; fourteen of the issues are raised pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967). We discuss defendant's: (1) claim of ineffective assistance of counsel; (2) competency to stand trial; (3) right of pro se representation; and (4) claims of denial of due process and deprivation of a fair trial. We remand with instructions.

The criminal charges against defendant arose from allegations that he had forged a check belonging to his mother and stepfather in the sum of $35,000, and converted the proceeds, and that he had embezzled or stolen their Cadillac automobile. Defendant also was charged with forging the signature of his stepfather on a check drawn on the bank account of the American Podiatry Association in the amount of $22,000.

Following defendant's indictment and arrest, the court appointed the public defend-

er to represent him. The public defender thereafter contracted with private counsel to represent defendant. At arraignment, defendant related that he had an extensive psychiatric and psychological history, and requested permission to be evaluated and treated at the Veterans Hospital in Albuquerque. The court agreed to release defendant, pending trial, to the Veterans Hospital provided that the hospital would promise to report any absence or the failure of defendant to submit to treatment. The hospital was unwilling to accept defendant under those terms.

Prior to trial, defendant's court-appointed attorney sought to negotiate a plea bargain on defendant's behalf. However, defendant rejected the proposal and demanded that his court-appointed attorney be discharged. Defense counsel met with defendant and attempted to discuss preparation for trial. However, defendant refused to communicate with his counsel. Thereafter, defendant's attorney filed a motion for clarification of his status, advising the court that defendant requested his discharge. At the hearing on the motion, defense counsel related and defendant conceded, that defendant would not communicate with him or assist him in the preparation of the defense. Defendant told the court that he wanted other counsel because his attorney had attempted to persuade him to accept a plea bargain. Defendant also filed a handwritten motion complaining that his attorney had not prepared for trial, that his counsel "has a limited defence [sic] for me or no defence [sic] at all", and that his attorney had not called psychiatrists or psychologists as witnesses on his behalf.

Shortly before trial, the prosecutor filed a motion to require defendant to submit to a psychological evaluation in order: (1) to determine his competency to stand trial; (2) for his ability to formulate a specific intent; and (3) for his competency to represent himself pro se. The motion recited in part that, "Defendant has a history of mental illness and treatment for mental illness, that Defendant has acted in a peculiar manner in this Cause (post-arraignment behavior of Defendant) and [requests] the Court to take notice of Defendant's behavior in Court, including his oral and written communications to this Court." Defendant's attorney did not object to the motion and approved the order granting the relief "as to form." The trial court signed and entered the order.

Thereafter, the trial court held a hearing to review the results of the evaluation. Dr. Sarah Feeney, a clinical psychologist and director of the court clinic, testified for the state. She stated that it was her opinion that although defendant exhibited some psychological problems, he had no severe psychopathy and was competent to stand trial. On cross-examination, she testified that she had not investigated the issues of defendant's ability to form the requisite intent to commit the charged offenses or whether defendant was competent to represent himself.

On the morning of trial, defendant filed a handwritten motion with the court again seeking appointment of new counsel, seeking a continuance, pointing out that the court order for a psychological examination was only partially fulfilled and requesting that he be given further psychological evaluation in order to determine his capacity to form the requisite intent. Defense counsel again requested the court to relieve him from representing defendant on the ground that defendant would not communicate with him. The court ruled that since defendant was indigent, and because the case was set for trial, his appointed counsel should continue to represent him. The court also stated that if defendant did not want to cooperate with his appointed counsel, it was defendant's own choice; however, defendant would not be allowed to sabotage the trial.

During trial, the state called defendant's mother, Helen Stone, to testify on behalf of the prosecution. Defendant's attorney advised the court outside the presence of the jury that defendant had instructed him not to cross-examine his mother, and that without cross-examination of this witness, counsel could not effectively represent defend-

ant. The court ruled that strategy and tactics were matters for defense counsel to determine, thus, counsel could cross-examine the witness, if he felt it appropriate. Defendant stated that he did not wish to proceed pro se and would agree to the cross-examination of his mother, if defense counsel thought it necessary.

During the testimony of defendant's mother, she related that her son was forty years of age and had been in "trouble" in Florida and Mexico where he had been living. She related that defendant had resided with her and her late husband Dr. Stone (his stepfather) for approximately five months, and that during this time Dr. Stone had been terminally ill with cancer. She stated that shortly after her husband's death, she discovered defendant had taken the funds belonging to Dr. Stone and the American Podiatry Association. She also stated that following defendant's arrest, she had confronted defendant about his actions and he had admitted taking the funds.

On cross-examination, defendant's mother stated that defendant had a history of psychological and emotional problems, and that he joined the Air Force, but had been honorably discharged because he could not withstand the pressures of the service. She testified that defendant had been examined by a psychiatrist in the service, and at the time of the incidents leading up to the crimes charged, defendant had seen two different psychologists. Defendant's mother also related that she believed defendant had delusions and misperceptions about reality and that he had once undergone shock therapy.

At trial, defendant's attorney called no defense witnesses and did not place defendant on the witness stand. Defense counsel did not tender an instruction placing defendant's mental condition in issue. Defendant's attorney did request an instruction concerning defendant's belief concerning his authority to use the automobile he was accused of taking. During closing argument, defense counsel suggested to the jury that the evidence of defendant's men-

tal illness served to create a reasonable doubt as to whether defendant was guilty of the charged offenses.

Following deliberations, the jury convicted defendant on the charges of embezzlement and larceny and on each of the forgery counts. At the sentencing hearing, defense counsel again reiterated the problems he had encountered in representing defendant which stemmed from defendant's refusal to communicate with him, and stated that he thought defendant was delusional and "not quite in touch with reality." Defense counsel requested a diagnostic evaluation prior to sentencing. At sentencing, defendant again complained of the ineffectiveness of his counsel and reiterated that his attorney had failed to call a psychiatrist or psychologist on his behalf during the trial. The trial court denied the motion for a diagnostic evaluation before sentencing, and advised defendant that his claim of ineffective assistance of counsel could be raised on appeal.

### 1. CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL; COMPETENCY TO STAND TRIAL; PRO SE REPRESENTATION

We consider jointly defendant's claims of: ineffective assistance of counsel; his competency to stand trial; and denial of defendant's right to act as his own attorney. The common thread that runs through each of these contentions is defendant's argument that he had a history of mental problems, that his attorney failed to properly investigate and pursue the issue of his competency, failed to raise the defense of diminished capacity, and neglected to inquire into the issue of defendant's competency to assist in his own defense. Alternatively, defendant claims on appeal that the trial court erred in denying his motion to discharge his attorney and to act as his own trial attorney.

### (A) CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that although his attorney referred to the issue of his mental

competency during trial and referred to his inability to form the requisite intent to commit the crimes charged, no witnesses were presented to substantiate the defense, and no instruction was tendered on this theory of the case. *See* NMSA 1978, UJI Crim. 40.10 (Repl.Pamp.1982); *see also State v. Talley,* 103 N.M. 33, 702 P.2d 353 (Ct.App.1985).

The right of a defendant in a criminal trial to the effective assistance of counsel is of constitutional dimension. *State v. Boyer,* 103 N.M. 655, 712 P.2d 1 (Ct.App. 1985). On appeal, a reviewing court will consider the record as a whole when addressing a claim of ineffective assistance of counsel. *State v. Hernandez,* 104 N.M. 268, 720 P.2d 303 (Ct.App.1986); *State v. French,* 92 N.M. 94, 582 P.2d 1307 (Ct.App. 1978). As stated in *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, *reh'g denied,* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984), the key for "judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."

■ The test to determine whether there has been effective assistance of counsel is whether defense counsel has exercised the skill, judgment and diligence of a reasonably competent defense attorney. Defendant bears the burden of establishing that his counsel's action was unreasonable in that it fell below the minimum threshold of competence expected of a defense attorney in criminal cases. *State v. Orona,* 97 N.M. 232, 638 P.2d 1077 (1982); *State v. Talley; State v. Henry,* 101 N.M. 277, 681 P.2d 62 (Ct.App.1984). In addition to establishing the incompetence of his attorney, defendant bears the burden of demonstrating prejudice. *State v. Talley; State v. McGuinty,* 97 N.M. 360, 639 P.2d 1214 (Ct.App.1982).

■ The state argues that defendant's failure to cooperate with counsel was willful, thus orchestrating his claim for ineffective assistance of counsel. In examining this claim, we are mindful of defense counsel's statement that defendant refused to communicate with him and failed to assist counsel in the preparation for trial. The refusal of a defendant to cooperate with appointed counsel by itself is not a sufficient basis to require substitution of counsel. *People v. Walker,* 18 Cal.3d 232, 133 Cal.Rptr. 520, 555 P.2d 306 (1976). Nor does the constitutional right to the effective assistance of counsel encompass the right of a defendant to purposefully frustrate his attorney's efforts on his own behalf and then claim error resulting from his own lack of cooperation. *Coleman v. State,* 621 P.2d 869 (Alaska 1980); *State v. Lopez,* 185 Mont. 187, 605 P.2d 178 (1980). *See also State v. Orona.* Without a showing of good cause, defendant may not insist upon substitution of court-appointed counsel. *State v. Maes,* 100 N.M. 78, 665 P.2d 1169 (Ct.App.1983). The decision to appoint substitute counsel is discretionary and will not be overturned except where there is shown an abuse of discretion. *State v. Tovar,* 98 N.M. 655, 651 P.2d 1299 (1982).

At trial, defense counsel was not passive. Counsel attempted to raise the issues of whether each element of the crimes charged had been proven beyond a reasonable doubt, and whether defendant acted under a mistake of fact when he took the automobile belonging to his stepfather. The court gave defendant's requested instruction concerning an alleged mistake of fact. *See* NMSA 1978, UJI Crim. 41.15 (Repl.Pamp.1982).

Defendant's attorney did not, however, call either lay or expert witnesses to testify concerning defendant's ability to formulate a specific intent to commit the offenses charged, nor did his attorney request an instruction on this issue. *See* NMSA 1978, UJI Crim. 41.11 (Repl.Pamp.1982) & NMSA 1978, Crim.P.R. 35 (Repl.Pamp.1985). The state, not defense counsel, sought determination of defendant's competency to stand trial and mental capacity. Despite the court order directing examination of defendant's ability to formulate the requisite

intent, this aspect of defendant's competency was never determined. In the order entered by the court below, the court found a necessity for defendant's mental examination. In the face of this finding, that there was "sufficient cause to order an evaluation of Defendant," defense counsel's failure to timely pursue the defense of mental capacity ostensibly deprived defendant of his only apparent defense to the forgery charges. *See State v. Gomez*, 75 N.M. 545, 408 P.2d 48 (1965); *see also People v. Fosselman*, 33 Cal.3d 572, 189 Cal.Rptr. 855, 659 P.2d 1144 (1983).

The record before us does not establish whether trial counsel's failure to timely investigate and assert the defense of inability to formulate requisite intent resulted in actual prejudice to defendant or whether there was, in fact, any valid basis for this defense. In *Strickland v. Washington*, the United States Supreme Court set out a two-part test for determining whether a new trial is required resulting from ineffective assistance of counsel. First, defendant must demonstrate that counsel's performance was deficient and fell below the minimum standard of competence. Secondly, he must show that his attorney's deficient performance prejudiced the defense. *See also State v. Escalante*, 148 Ariz.App. 298, 714 P.2d 468 (1986); *People v. Fosselman; State v. Docken*, 720 P.2d 679 (Mont. 1986); *State v. Sardinia*, 42 Wash.App. 533, 713 P.2d 122 (1986); *Robinson v. State*, 716 P.2d 364 (Wyo.1986). To constitute a basis for reversal, the error asserted must be shown to have been prejudicial. *See State v. McGuinty; see also* NMSA 1978, Crim.P.R. 51(a) (Repl.Pamp.1985). The touchstone in cases where ineffective assistance of counsel is alleged is whether defendant received a fair trial. *Ewing v. Williams*, 596 F.2d 391 (9th Cir.1979).

The sixth amendment right to counsel imposes a duty upon defendant's counsel to reasonably investigate the facts relevant to the merits of the case and to fairly investigate and assert appropriate defenses. Where defendant has a history of mental problems, this duty involves a responsibility to ascertain whether a defense of mental

capacity is warranted. *People v. Pope*, 23 Cal.3d 412, 152 Cal.Rptr. 732, 590 P.2d 859 (1979); *State v. Talley*. *See* ABA Standards for Criminal Justice, The Defense Function, § 4–4.1 (2d ed.1980); *see also* Annot., 17 A.L.R.4th 575 (1982). *Cf. State v. Docken* (withdrawal of defense of mental disease does not constitute ineffective assistance of counsel where defendant's mental condition was examined and it was found that he could have acted with the requisite mental state). Defense counsel is not required to present a defense not warranted by demonstrable facts. *State v. King*, 24 Wash.App. 495, 601 P.2d 982 (1979).

In *Wood v. Zahradnick*, 578 F.2d 980 (4th Cir.1978), the court considered the issue of ineffective assistance of counsel— that the defense attorney failed to seek appropriate psychiatric evaluation of the accused or to raise a defense involving defendant's mental condition, and that this omission resulted in actual prejudice to defendant. There, the court remanded the cause to the trial court with instructions to obtain a psychiatric examination of the accused, and if the examination resulted in a determination that defendant was not psychotic at the time of the commission of the offenses charged, then defendant's convictions were to be affirmed, and if otherwise, the court ordered the convictions be reversed with instructions to grant a new trial. *See also State v. Torres*, 81 N.M. 521, 469 P.2d 166 (Ct.App.1970) (defendant's conviction conditionally affirmed and remanded with instructions to determine whether line-up identification procedures were improperly suggestive, and if so, ordering that a new trial be granted).

■ We determine that this same procedure should be applicable here. In view of the silence of the record as to the reasons why a defense of lack of capacity was not presented, the trial court must make a factual determination of this issue. Defendant's conviction and sentences are vacated pending the trial court's appointment of an expert to determine defendant's ability to

formulate a specific intent to commit the crimes charged and the trial court's factual determination as to why this defense was not timely investigated and presented, and whether there in fact exists any valid basis on this issue. On remand, new counsel should be appointed to represent defendant. If the trial court determines, after assessing the results of the psychiatric examination of the defendant, that defendant's state of mind at the time of the acts charged in the indictment was such that a defense of lack of capacity should have been presented, then defendant should be accorded a new trial; otherwise, defendant's conviction and sentences should be reinstated. *See State v. Torres.*

Patently, not every case involving a refusal of the defendant to cooperate or assist counsel necessitates an examination of defendant's mental condition. Here, however, the trial court expressly found that the facts warranted a determination of the defendant's competency and ability to formulate the requisite intent; but only part of the court's order was complied with.

### (B) COMPETENCY TO STAND TRIAL

Defendant argues, as a variant of the prior claim, that he was deprived of due process because the issue of his competency to stand trial was not properly addressed. In support of this contention, defendant argues that the record indicates that he had a history of mental and emotional disturbances, that both the court and his counsel were alerted to this condition, but that defense counsel failed to properly raise or follow-up on this issue.

■ Despirte defendant's argument on this issue, the record demonstrates that defendant was found by a mental health expert to be competent to stand trial. Dr. Feeney testified that she had examined defendant and that it was her opinion that although he had some psychological problems, he nevertheless was competent to stand trial. It is not ineffective assistance of counsel to omit submission of a defense of lack of competency where defendant has been properly examined and found to be competent. *State v. Docken.*

### (C) PRO SE REPRESENTATION

■ Defendant argues that the trial court erred in denying him the right to represent himself at trial. We disagree. The record reflects that although defendant at times stated a desire to proceed pro se, at other times defendant indicated that he wished to be represented by counsel. When an indigent defendant vacillates as to whether he desires to act pro se or have the services of court-appointed counsel, his vacillation may constitute a waiver of his right to self-representation. *State v. Lewis,* 104 N.M. 218, 719 P.2d 445 (Ct.App. 1986) (*Lewis I*).

### II. OTHER APPELLATE ISSUES

Defendant seeks appellate review of fourteen additional issues. These issues were included in the amended docketing statement and in defendant's brief-in-chief, under authority of *State v. Franklin.* We have considered these issues and, with the exception of those matters controlled by our disposition under point I above, we find them to be without merit.

As to each of the issues raised on appeal, except the question relating to the sufficiency of counsel, the judgment of conviction is affirmed. Because the issue of the adequacy of defense counsel's trial assistance was not considered by the court below, the case is remanded with instructions to vacate the judgment, determine defendant's ability to formulate a specific intent to commit the offenses charged, and otherwise proceed consistently with this opinion.

IT IS SO ORDERED.

BIVINS and FRUMAN, JJ., concur.