91 F.3d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas Gene MONTAGUE, Petitioner-Appellant,
v.
Kenneth W. DUCHARME, Superintendent, WSR, Respondent-Appellee.
 No. 95-35986.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 9, 1996.
Decided July 24, 1996.
 
 Before: REAVLEY,* REINHARDT, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner, Thomas Montague, appeals the denial of his habeas petition. The district court concluded that Montague had not established ineffective assistance of counsel and that the trial court had not improperly failed to conduct a competency hearing. We affirm.
 
 
 3
 I. Montague's representation was not constitutionally deficient for failing to investigate possible mental state defenses or competency.
 
 
 4
 Counsel was not ineffective in failing to investigate Montague's competency. The medical reports do not indicate that Montague was incompetent to plead guilty or stand trial. While the evaluating psychiatrists were not asked to assess Montague's competence, their silence regarding Montague's competence is some evidence that he showed no signs of incompetence at the time of their evaluations. More important, both Drs. Murray and Johnson testified that Montague was competent during their examinations, and Dr. Johnson stated that he would not have recommended an incompetent person for sexual psychopathy treatment.[1] Thus, even if counsel should have investigated the issue of competency, Montague has not established a reasonable probability that he was incompetent to plead guilty. See Bouchillon v. Collins, 907 F.2d 589, 595 (5th Cir.1990).
 
 
 5
 Similarly, even if Montague established that counsel unreasonably failed to investigate mental state defenses,[2] we find that Montague has not established prejudice from the failure to do so. Montague had to establish a reasonable probability that he would not have pled guilty had Platis or Sheehan investigated the viability of mental state defenses. Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir.1986). In light of the whole record, we conclude that counsel's failure to investigate these defenses does not sufficiently undermine confidence in the fairness of the plea to establish prejudice. Montague has not established a reasonable probability that he could have made a defense of temporary insanity or diminished capacity and that he would have gone to trial and pursued these defenses.
 
 
 6
 II. The state trial court did not err in not conducting a competency hearing.
 
 
 7
 "The test for whether a defendant is competent to plead guilty is whether 'mental illness has substantially impaired his or her ability to make a reasoned choice among the alternatives presented and to understand the nature and consequences of the waiver.' " United States v. Lewis, 991 F.2d 524, 527 (9th Cir.1993). "Where the evidence raises a 'bona fide doubt' as to defendant's competence ..., the judge on his own motion must impanel a jury and conduct a sanity hearing...." Pate v. Robinson, 383 U.S. 375, 385 (1966). "There are no particular facts which invariably signal incompetence, but important factors which merit a judge's attention include: irrational behavior, demeanor before the court, and available medical evaluations." U.S. v. Lewis, 991 F.2d 524, 527 (9th Cir.1993).
 
 
 8
 Montague does not seriously contend that the sentencing judge should have experienced a bona fide doubt as to his competence. Before the magistrate judge, Montague's counsel admitted that she could not in good conscience make an argument that Judge Britt should have doubted Montague's competency and conducted a competency hearing. She argued only that because of the ineffective assistance of trial counsel, Judge Britt was deprived of all the information he needed. On appeal, Montague's counsel argues, in effect, that the sentencing judge would have experienced a reasonable doubt had he had all the necessary information. However, she does not contend that the information actually before him should have raised a reasonable doubt.
 
 
 9
 We agree with Montague's counsel's assessment. Because neither the presentence report nor Montague's demeanor in court in any way signalled his incompetence, we conclude that the evidence before Judge Britt was not sufficient to raise a bona fide doubt as to Montague's competency.[3]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable Thomas M. Reavley, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Dr. Liebert testified that it is possible that Montague was not competent to stand trial. However, Dr. Liebert testified that a person with Post Traumatic Stress Disorder is not necessarily incompetent to stand trial and that he has found individuals to have Post Traumatic Stress Disorder and to be competent to stand trial. Furthermore, he stated that when he evaluated Montague in 1977, Montague was coherent. He also stated that Montague would have been able to understand his right to a jury trial and the consequences of pleading guilty, and that he would have been able to provide his attorney with the names of witnesses
 
 
 [2]
 See Hensley v. Crist, 67 F.3d 181, 186 (9th Cir.1995) ("Notice to counsel that an insanity defense may be appropriate requires a stronger indication of mental illness in the client's record such as past institutionalization or highly unusual behavior."); Evans v. Lewis, 855 F.2d 631, 636-37 (9th Cir.1988) (concluding that documents available to counsel indicated that mental impairment mitigating factor might have been applicable where they showed that defendant was in need of psychiatric treatment, had been incarcerated in a state mental health facility, had heard "voices" and had attempted suicide); Wood v. Zahradnick, 430 F.Supp. 107, 111-12 (E.D.Va.1977) (concluding that the bizarre nature of the crime, defendant's lack of recollection of the crime, and counsel's personal observation of defendant's bizarre behavior put counsel on notice that an insanity defense might be appropriate), aff'd, 578 F.2d 980 (4th Cir.1978)
 
 
 [3]
 We do not reach the issue of Montague's actual competence. Our earlier remand in this case did not include this issue, and Montague did not raise it before the district court. Accordingly, we do not believe that the issue of Montague's competence is properly before us