This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v. NO. 34,863

**ROBERT RICHARD SERNA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa Hadfield, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

{1} Defendant argues that the district court erred in denying his motion to withdraw his plea agreement because his plea was not entered into knowingly, intelligently, and voluntarily, and he received ineffective assistance of counsel. [MIO 6-10] We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition. We have considered Defendant's arguments and remain unpersuaded that our initial proposed disposition was incorrect. We therefore affirm the district court.

{2} "A motion to withdraw a guilty plea is addressed to the sound discretion of the trial court, and we review the trial court's denial of such a motion only for abuse of discretion." *State v. Paredez*, 2004-NMSC-036, ¶ 5, 136 N.M. 533, 101 P.3d 799 (internal quotation marks and citation omitted). "A denial of a motion to withdraw a guilty plea constitutes manifest error when the undisputed facts establish that the plea was not knowingly and voluntarily given." *State v. Garcia*, 1996-NMSC-013, ¶ 7, 121 N.M. 544, 915 P.2d 300.

{3} As set out in the notice of proposed disposition, the relevant facts are as follows. Pursuant to a plea agreement, Defendant entered a no contest plea to two counts of criminal sexual penetration of a minor, contrary to NMSA 1978, Section 30-9-11(G) (2009), and one count of criminal sexual contact of a minor, contrary to NMSA 1978, Section 3-9-13(D)(1) (2003). [RP 1, 51, 102] The district court accepted

the plea agreement following a hearing. The district court then sentenced Defendant to the time he had already served in pretrial incarceration and to three years of supervised probation in accordance with the agreement. [RP 114] Following sentencing, Defendant obtained new counsel and filed a motion to withdraw his plea agreement in which he alleged that plea was not knowing, intelligent, and voluntary, and that he received ineffective assistance of counsel. [RP 72-73] The district court held a hearing on the motion at which Defendant was the only witness. Defendant testified that his attorney failed to discuss the case or the evidence with him, as well as the strengths and weaknesses of his defense. [DS 3] Defendant testified that his attorney failed to conduct interviews with witnesses who could have provided exculpatory evidence or mitigated the State's evidence. [DS 3] Defendant also said that he felt pressured into accepting the plea agreement because he believed his situation to be hopeless and wanted to get out of jail. [DS 3-4] The district court denied the motion to withdraw the plea, and Defendant now appeals. [RP 171]

**Voluntariness of the Plea Agreement**

{4}     Defendant continues to argue that his plea was not knowing, intelligent, and voluntary. [RP 73; MIO 6-8] Defendant specifically argues that the record indicates that he did not understand the plea agreement, despite the affirmative answers he gave when asked whether he understood. [MIO 7] Defendant argues that "he confused his

3

right to jury trial with his desire to assist his family." [MIO 7] Defendant also argues that he understood only some of the sex offender registration requirements, and the district court did not make an inquiry into what he understood and did not understand. [MIO 7]

{5} We recognize that the record contains equivocations by Defendant as to whether he understood the terms of the plea agreement and its surrounding obligations. However, based on our review of the transcript of the plea hearing in its entirety, the district court did not abuse its discretion in determining that Defendant entered his plea knowingly, intelligently, and voluntarily. "Rule 5-303(F) NMRA codifies the matters our district courts must address to ascertain that a defendant grasps the contents and consequences of a plea." *State v. Ramirez*, 2011-NMSC-025, ¶ 9, 149 N.M. 698, 254 P.3d 649. Relevant to Defendant's claims, Rule 5-303(F) required the district court to inform Defendant of the nature of the charges to which the plea was offered, as well as the mandatory minimum sentence and maximum possible sentence before accepting Defendant's no contest plea. *See* Rule 5-303(F)(1), (2). The district court must also make an inquiry into whether there is a satisfactory factual basis for the plea. *See* Rule 5-304(G) NMRA. Under the circumstances of this case, the district court was also required to inform Defendant that he would be required to register as a sex offender. *See* Rule 5-303(F)(7) (stating that if the

4

defendant pleads no contest to a crime for which registration as a sex offender is required, the court shall determine that the defendant has been advised by counsel of the registration requirement under the Sex Offender Registration and Notification Act). Once the district court has informed the defendant of the rights and consequences surrounding the plea and determined that the defendant understands those rights and consequences, the court must then determine that the defendant is entering a plea of guilty or no contest voluntarily. *See State v. Tollardo*, 2012-NMSC-008, ¶ 17, 275 P.3d 110; *see also State v. Garcia*, 1996-NMSC-013, ¶ 9, 121 N.M. 544, 915 P.2d 300 (stating that the record must contain an affirmative showing that the plea was knowingly and voluntarily given).

{6}     The transcript of the plea hearing indicates that the district court inquired into whether Defendant's counsel had advised him regarding the nature of a no contest plea, and Defendant said that counsel had. [RP 101] Defendant also indicated to the district court that he understood that he would receive a suspended sentence to be served on three years of supervised probation under the agreement. [RP 95, 103] The district court also explained to Defendant the implications of a no contest plea. [RP 102] Finally, the district court informed Defendant of the maximum penalty for the offense and described the sentence that Defendant would be subject to if he entered

into the plea agreement. [RP 144-146] The State also stated the factual basis for the charges. [RP 148-150]

{7}     Additionally, Defendant indicated affirmatively on the record several times that he was entering into the plea agreement voluntarily. [RP 106-110] Defendant points to his statement at the plea hearing that he felt pressure to enter into the plea agreement because he wanted to move on with his life and to avoid the unpleasantness of further incarceration. [MIO 7] However, any pressure Defendant felt to enter the plea agreement in order to avoid incarceration does not affect the voluntariness of the plea. *See State v. Guerro*, 1999-NMCA-026, ¶ 21, 126 N.M. 699, 974 P.2d 669 (stating that the inherent pressure caused by a plea offer of a more lenient sentence does not make a plea involuntary). We therefore reject Defendant's argument that he did not enter a knowing, intelligent, and voluntary plea.

**Ineffective Assistance of Counsel**

{8}     We now turn to Defendant's claim that he received ineffective assistance of counsel. "Where, as here, a defendant is represented by an attorney during the plea process and enters a plea upon the advice of that attorney, the voluntariness and intelligence of the defendant's plea generally depends on whether the attorney rendered ineffective assistance in counseling the plea." *State v. Barnett*, 1998-NMCA-105, ¶ 12, 125 N.M. 739, 965 P.2d 323. In his memorandum in

opposition, Defendant argues that his counsel was ineffective by: (1) failing to advise him regarding his legal defenses, (2) failing to provide him with discovery, (3) failing to meet and properly advise him regarding his defenses and the plea offer, (4) failing to interview witnesses, and (5) failing to immediately move to withdraw his plea. [MIO 8] Defendant argues that, had his attorney properly counseled him and investigated, he would not have been put in the position of having to enter the plea agreement. [MIO 8]

{9}     "To establish a prima facie case of ineffective assistance of counsel, Defendant must show that (1) counsel's performance was deficient in that it 'fell below an objective standard of reasonableness'; and (2) that Defendant suffered prejudice in that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (quoting *Lytle v. Jordan*, 2001-NMSC-016, ¶¶ 26-27, 130 N.M. 198, 22 P.3d 666)); *see also State v. Reyes*, 2002-NMSC-024, ¶ 46, 132 N.M. 576, 52 P.3d 948 (stating that to establish a claim of ineffective assistance of counsel, a defendant must show that his attorney failed to exercise the skill of a reasonably competent attorney and that the defendant was prejudiced by the failure), *abrogated on other grounds by Allen v. LeMaster*, 2012-NMSC-001, 267 P.3d 806.

{10} As we stated in the notice of proposed summary disposition, Defendant's claim that counsel failed to advise him regarding the contents and consequences of the plea agreement is contradicted by the record. The transcript of the plea hearing indicates that Defendant stated to the district court that his attorney had informed him regarding the nature of a no contest plea and the terms of the plea agreement and that he had reviewed the agreement with his attorney. [RP 98, 104] Additionally, there is nothing in the record to support Defendant's assertion that counsel failed to provide him with unspecified statements, evidence, and discovery or investigate the case. Nor has Defendant established how he was prejudiced by the lack of any of this unspecified material or by the failure to immediately move to withdraw the plea agreement. *See State v. Nguyen*, 2008-NMCA-073, ¶ 29, 144 N.M. 197, 185 P.3d 368 (stating that without a showing of prejudice a claim based on ineffective assistance of counsel fails); *see also In re Ernesto M.*, 1996-NMCA-039, ¶10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). Any effect of counsel's alleged failure to advise Defendant regarding unspecified defenses is also too speculative to support a finding of ineffective assistance of counsel. *See State v. Lewis*, 1986-NMCA-090, ¶ 21, 104 N.M. 677, 726 P.2d 354 (stating the defense counsel is not required to present a defense that is not warranted by demonstrable

facts); *compare State v. Ortega*, 2014-NMSC-017, ¶ 57, 327 P.3d 1076 (rejecting claims of ineffective assistance of counsel as too speculative).

{11} Finally, with respect to Defendant's argument that trial counsel failed to conduct witness interviews, the record indicates that trial counsel stated to the district court that she had reviewed all the witness interviews but did not interview the complaining witness because the State would no longer extend a plea offer if the defense interviewed her. [RP 111] Counsel's strategic decision not to interview the complaining witness on that basis appears rational, and Defendant has not shown that this constitutes deficient performance. *See id.* ¶ 56 (rejecting the defendant's argument that counsel was ineffective for failing to interview certain prosecution witnesses where counsel made a strategic decision not to interview them); *see also Lytle*, 2001-NMSC-016, ¶ 26 (stating that a prima facie case for ineffective assistance of counsel is not made if there is a plausible, rational strategy to explain the counsel's conduct).

{12} We therefore hold that Defendant has not established a prima facie case of ineffective assistance of counsel, and the district court did not abuse its discretion in denying the motion to set aside the plea agreement on that basis. *See State v. Powers*, 1990-NMCA-108, ¶ 5, 111 N.M. 10, 800 P.2d 1067 (stating that an insufficient factual basis precludes appellate review of a claim of ineffective assistance of counsel); *see also State v. Herrera*, 2001-NMCA-073, ¶ 39, 131 N.M. 22, 33 P.3d 22

(holding that the trial court did not err in refusing to allow the defendant to withdraw his plea agreement based on ineffective assistance of counsel where the defendant failed to make a prima facie case).

{13}    For these reasons, we affirm the district court.

{14}    **IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

10