This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40601**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**TEVYN DRIEVER,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** Defendant appealed following the revocation of his probation and the denial of his motion to withdraw admission. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** We will begin with the motion to amend, by which Defendant seeks to advance a challenge based on the district court's failure to conduct an inquiry into his initial request to dismiss his court-appointed counsel. [MIO 1-14] A motion to amend will only be granted if the movant makes a showing of good cause, by demonstrating that (1) the motion is timely, (2) the new issue was either properly preserved below or is permissibly raised for the first time on appeal, and (3) the issue is viable. *See State v. Moore*, 1989-NMCA-073, ¶¶ 41-42, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds as stated in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730. Although we do not question the timeliness of the motion, for the reasons that follow we conclude that Defendant has otherwise failed to make the requisite showing of good cause.

**{3}** Defendant raised the broader issue below by filing a pro se motion to dismiss his court-appointed attorney. [DS 4-5; RP 252-53] As grounds Defendant indicated that counsel was not sufficiently communicative or dedicated, that counsel was not compliant with unspecified strategic directives, that Defendant "did not relate well" and felt he "could not trust" court-appointed counsel who made him "uncomfortable," and that he felt his attorney was pressuring him to "settl[e] into a plea" of some sort. [DS 4; RP 252-53] After filing the motion Defendant failed to appear for a series of scheduled proceedings; more than a year elapsed before his presence was finally secured for the scheduled hearing on the merits of the State's motion to revoke his probation. [DS 4-5; RP 313, 326-27] In the course of that hearing Defendant indicated that he wished to enter a plea of no contest. [RP 327] The district court conducted the standard plea colloquy, and Defendant admitted the alleged probation violations. [RP 327] In the course of that exchange Defendant did not suggest dissatisfaction with counsel or request that the court take up the matter of the pro se motion. [DS 5] To the contrary, upon the district court's inquiry Defendant explicitly confirmed that he was satisfied with his attorney. [RP 327] It was only after the dispositional hearing, at the conclusion of which the district court announced its decision to revoke his probation and remand him to serve the remainder of his sentence, [RP 330-34] that Defendant indicated the desire for substitute counsel. [DS 6; RP 336] The district court promptly granted his attorney's request to withdraw, [RP 341] and advised Defendant relative to the appointment of substitute counsel, [RP 351-52] which appears to have transpired precisely as Defendant requested. [RP 353]

**{4}** Defendant now contends that the district court abused its discretion and denied his rights to due process and effective assistance of counsel by failing to conduct an inquiry when Defendant filed his pro se motion to dismiss his first court-appointed attorney. [MIO 1-14] For the reasons that follow, we conclude that this issue is not viable.

**{5}** As an initial matter, we note that although an indigent defendant has a right to appointed counsel, he or she "does not have the concomitant right to the appointment of the attorney of his choice." *State v. Lucero*, 1986-NMCA-085, ¶ 21, 104 N.M. 587, 725 P.2d 266. To warrant the dismissal of appointed counsel, a defendant must show that the failure to appoint substitute counsel will result in ineffective representation and

prejudice to the defense. *Id.*; *see generally Garcia v. State*, 2010-NMSC-023, ¶ 30, 148 N.M. 414, 237 P.3d 716 ("To state a case of ineffective assistance of counsel, [a d]efendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense." (internal quotation marks and citation omitted)).

{6} In this case, Defendant's pro se motion failed to indicate that dismissal was warranted. His generalized expression of dissatisfaction with counsel [RP 252-53] simply did not set forth facts reflecting that the representation was deficient or that the district court should have inferred the same. *See generally State v. Stallings*, 2020-NMSC-019, ¶ 37, 476 P.3d 905 ("Dissatisfaction with trial counsel's tactics or strategy is not sufficient grounds for replacement of counsel." (internal quotation marks and citation omitted)); *State v. Castillo*, 1990-NMCA-043, ¶ 6, 110 N.M. 54, 791 P.2d 808 (indicating that good cause sufficient to warrant substitution of counsel includes conflict of interest, complete breakdown of communication, or irreconcilable conflict which leads to injustice); *State v. Lewis*, 1986-NMCA-090, ¶ 17, 104 N.M. 677, 726 P.2d 354 ("Without a showing of good cause, [a] defendant may not insist upon substitution of court-appointed counsel.").

{7} To the extent Defendant advances a due process argument that his initial request to fire counsel was improperly disregarded without an evidentiary hearing, Defendant seems to fault the district court for failing to conduct an inquiry into defense counsel's representation sua sponte. [MIO 7-14] However, merely suggesting dissatisfaction with defense counsel's representation does not automatically entitle a defendant to a hearing. *See State ex rel. Child., Youth & Fams. Dep't v. David F., Sr.*, 1996-NMCA-018, ¶ 16, 121 N.M. 341, 911 P.2d 235 ("Merely raising a question of ineffective assistance of counsel, however, d[oes] not automatically entitle [the represented party] to an evidentiary hearing."). Rather, it is only "where a defendant voices a seemingly substantial complaint about counsel [that] the court should inquire into the reasons for dissatisfaction." *Castillo*, 1990-NMCA-043, ¶ 6 (alteration, internal quotation marks, and citation omitted). As previously stated, Defendant's pro se motion, which was by all appearances abandoned by the time Defendant finally appeared at the hearing on the merits, [RP 327] did not present such a substantial complaint.

{8} "We assume that attorneys represent their clients honorably, consistent with both their professional duties and the terms under which they contract with the [Law Office of the Public Defender] to provide indigent defense." *Kerr v. Parsons*, 2016-NMSC-028, ¶ 25, 378 P.3d 1. Defendant's undeveloped claims of possible ineffective assistance and potential conflict present no basis for us to conclude that the district court should have departed from this assumption and inquired further into the representation. *See generally State v. Hester*, 1999-NMSC-020, ¶ 14, 127 N.M. 218, 979 P.2d 729 (stating that "[t]he burden is on [the d]efendant to establish ineffective assistance of counsel"). Absent any facts demonstrating specific incidents of deficient representation in this case, Defendant's vague allegations are insufficient to establish that the district court was required to hold an evidentiary hearing in response to Defendant's initial statement that he wanted to fire his attorney. *See David F., Sr.*, 1996-NMCA-018, ¶ 16; *cf. State v.*

*Guerro*, 1999-NMCA-026, ¶ 26, 126 N.M. 699, 974 P.2d 669 (recognizing that the refusal to hold an evidentiary hearing is justified if the defendant's claims do not state grounds for relief). We therefore conclude that the issue is not viable, and deny the motion to amend accordingly.

**{9}**     Finally, we turn to the remainder of the memorandum in opposition, by which Defendant renews the issue originally raised in the docketing statement, challenging the denial of his motion to withdraw his admission. [MIO 14-16] Defendant has not asserted any facts, law, or argument that persuade us that our notice of proposed disposition was erroneous. *See generally Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. As a consequence, we adhere to our initial assessment of this matter, and reject the assertion of error.

**{10}**     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{11}    IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**SHAMMARA H. HENDERSON, Judge**