This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42566**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**CARLOS SANCHEZ-TRILLO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

J. Bennett Baur, Public Defender
MJ Edge, Associate Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from the district court's judgment and sentence convicting him of possession of a deadly weapon by a prisoner. [1 RP 234] Defendant asserts that the district court erred by failing to investigate his "dissatisfaction with counsel after his attempt to fire counsel." [BIC 5] According to Defendant's brief in chief, the courtroom bailiff testified prior to trial that Defendant made unspecified threats against his trial counsel. [BIC 3] During the district court's inquiry into the matter, Defendant's trial counsel stated he had represented Defendant before, he had not heard him make threats, he was unafraid, and he was prepared to continue to represent him. [BIC 3-4] Trial counsel stated that Defendant "was upset with his representation in this case because he had communicated to counsel's staff that there was a piece of evidence— the inventory sheet of his possessions—crucial to his defense." [BIC 4] Trial counsel had been unaware of the inventory sheet. [Id.] Defendant addressed the district court and informed it that trial counsel was not listening to him, but that he would behave for the trial. [Id.] The district court denied Defendant's request to change trial counsel. [1 RP 65; 12-13-23 CD 9:59:55-10:00:06; BIC 1, 5]

**{3}** We understand Defendant's argument to be based on his constitutional right to counsel under the Sixth Amendment. [BIC 8] Because Defendant's argument implicates the right to counsel, our review is de novo. *See State v. Brown*, 2006-NMSC-023, ¶ 8, 139 N.M. 466, 134 P.3d 753.

**{4}** Defendant directs us to *State v. Castillo*, which relied on several federal authorities in stating the following:

> [I]n order to warrant a substitution of counsel during trial, the defendant must show good cause, such as conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict. Where a defendant voices a seemingly substantial complaint about counsel, the court should inquire into the reasons for dissatisfaction. While loss of trust is certainly a factor in assessing good cause, a defendant seeking substitution of assigned counsel must nevertheless afford the court with legitimate reasons for the lack of confidence. Dissatisfaction with trial counsel's tactics or strategy is not sufficient grounds for replacement of counsel.

1990-NMCA-043, ¶ 6, 110 N.M. 54, 791 P.2d 808 (alteration, internal quotation marks, and citations omitted). We begin by noting that much of Defendant's argument and legal authority is based on his trial counsel having a conflict. [BIC 6-9] *See State v. Martinez*, 2001-NMCA-059, ¶ 24, 130 N.M. 744, 31 P.3d 1018 (discussing the Sixth Amendment right to counsel and holding that prejudice is presumed when a defendant demonstrates an actual conflict, but "to invoke such a presumption of prejudice, there must be an actual, active conflict that adversely affects counsel's trial performance; the mere possibility of a conflict is insufficient"). "The test for determining the existence of an actual conflict is whether counsel actively represented conflicting interests that adversely affected [their] performance." *State v. Santillanes*, 1990-NMCA-035, ¶ 7, 109 N.M. 781, 790 P.2d 1062 (internal quotation marks and citation omitted). Defendant did

not identify any actual conflict trial counsel had in his briefing. *See State v. Grogan*, 2007-NMSC-039, ¶ 14, 142 N.M. 107, 163 P.3d 494 (referring to United States Supreme Court case law holding that a trial court has no duty to inquire about potential conflicts unless the court knows or reasonably should know that a particular conflict exists). Rather, we interpret Defendant's argument to be premised on a breakdown of communication based on the dispute over the inventory sheet.

**{5}**     *Castillo* directs the district court to inquire into "the reasons for dissatisfaction" when "a defendant voices a seemingly substantial complaint about counsel." 1990-NMCA-043, ¶ 6. Assuming this is such a situation, Defendant does not demonstrate how the district court's inquiry was deficient. After being informed about the potential threat to Defendant's trial counsel, the district court inquired into what had occurred. Through the scope of this inquiry, it was determined that Defendant was upset with trial counsel over the inventory sheet, which Defendant considered important to his defense. [BIC 4] We do not see how this was insufficient under *Castillo* because the reasons for Defendant's dissatisfaction were put into the record by the district court. Defendant does not direct us to any other authority concluding that more was required of the district court or that the district court's actions otherwise constituted reversible error. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists."); *see also State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that the party claiming error bears the burden on appeal of showing such error by the trial court). We therefore conclude that Defendant's right to counsel was not violated.

**{6}**     Assuming Defendant is also arguing that the district court abused its discretion by not replacing trial counsel on the day of trial, we would also conclude the district court did not err. [BIC 7] *See State v. Hernandez*, 1986-NMCA-040, ¶ 8, 104 N.M. 268, 720 P.2d 303 ("The decision to substitute counsel on defendant's request is within the sound discretion of the trial court. To overturn the trial court's decision, an abuse of discretion must be shown on appeal." (citation omitted)). As noted above, *Castillo* required that Defendant show good cause, which, in this circumstance, includes demonstrating that the breakdown in communication led "to an apparently unjust verdict." *See* 1990-NMCA-043, ¶ 6; *see also State v. Lewis*, 1986-NMCA-090, ¶ 17, 104 N.M. 677, 726 P.2d 354 ("Without a showing of good cause, defendant may not insist upon substitution of court-appointed counsel."). As Defendant acknowledges in his brief in chief, the trial resulted in a mistrial because the jury could not reach a verdict. [BIC 4] We therefore conclude that the alleged breakdown in communication did not lead to an unjust verdict, and thus the district court did not abuse its discretion in declining to replace Defendant's trial counsel on the day of trial. *See Kerr v. Parsons*, 2016-NMSC-028, ¶ 25, 378 P.3d 1 ("The first term in the professional service contract that the [Law Office of the Public Defender (LOPD)] offers to contractors requires a contracting attorney to provide legal services in accordance with the Sixth Amendment to the United States Constitution and Article II, Section 14 of the New Mexico Constitution. We assume that attorneys represent their clients honorably, consistent with both their

professional duties and the terms under which they contract with the LOPD to provide indigent defense.").

{7}     We note that, following the mistrial, Defendant was then retried approximately ten months later. Defendant does not explain why he did not move to replace his trial counsel after the mistrial or indicate if the inventory sheet had any relevance in the second trial. [BIC 4-5] *See Aragon*, 1999-NMCA-060, ¶ 10. Consequently, we fail to see how Defendant's trial counsel's apparent lack of knowledge of the inventory sheet before the first trial resulted in any prejudice to Defendant at the second trial where he was convicted. *See State v. Fernandez*, 1994-NMCA-056, ¶ 13, 117 N.M. 673, 875 P.2d 1104 ("In the absence of prejudice, there is no reversible error.").

{8}     Lastly, to the extent Defendant is raising an ineffective assistance of counsel claim we conclude he has not satisfied the required elements. "A defendant seeking to establish ineffective assistance must show both deficient performance of counsel and prejudice caused by the deficient performance." *State v. Rivas*, 2017-NMSC-022, ¶ 23, 398 P.3d 299. Defendant does not articulate an argument as to how these two elements were satisfied. *See State v. Duttle*, 2017-NMCA-001, ¶ 15, 387 P.3d 885 ("For this Court to rule on an inadequately briefed constitutional issue would essentially require it to do the work on behalf of Defendant."). Defendant does not describe what the inventory sheet stated, why it was important to his case, why his trial counsel was deficient for not seeking it out, or indicate what impact it did or did not have at the second trial. We therefore conclude that Defendant has not demonstrated his ineffective assistance of counsel claim. However, Defendant may still bring his claim through a habeas corpus proceeding if he chooses to do so. *See State v. Arrendondo*, 2012-NMSC-013, ¶ 38, 278 P.3d 517 ("The record is frequently insufficient to establish whether an action taken by defense counsel was reasonable or if it caused prejudice. Thus, instead of remanding the matter to the trial court, this Court prefers that these claims be brought under habeas corpus proceedings so that the defendant may actually develop the record with respect to defense counsel's actions.").

{9}     We affirm Defendant's conviction for possession of a deadly weapon by a prisoner.

{10}    IT IS SO ORDERED.

ZACHARY A. IVES, Judge

WE CONCUR:

J. MILES HANISEE, Judge

SHAMMARA H. HENDERSON, Judge